## A90A0432. INMAN v. THE STATE.
(395 SE2d 52)

CARLEY, Chief Judge.

Appellant was tried before a jury and found guilty of molesting her three-year-old daughter. She appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. Appellant enumerates as error the denial of her motion for new trial, urging that venue was not proven beyond a reasonable doubt.

A review of the transcript shows that the evidence as to venue, though slight and circumstantial, was sufficient. " 'It is well recognized in this [S]tate that slight evidence is sufficient to establish venue, where there is no conflicting evidence. [Cits.] . . . [C]ircumstantial as well as direct evidence may be used to establish venue. [Cit.] Venue is a question to be decided by the jury and its decision will not be set aside as long as there is . . . evidence to support it. [Cits.]' [Cit.] Although there was some evidence . . . that the victim [lived in Michigan for a month during the period alleged in the indictment], this alone was not sufficient to present conflicting evidence that the [molestations] occurred in that [State]. The evidence at trial was sufficient to authorize the jury's finding that venue was in [Hall] County, Georgia. Appellant's enumeration of error regarding lack of venue is without merit." *Jones v. State,* 245 Ga. 592, 596-97 (2) (266 SE2d 201) (1980). See also *Amerson v. State,* 177 Ga. App. 97, 99 (2) (338 SE2d 528) (1985); *Taylor v. State,* 176 Ga. App. 567 (1) (336 SE2d 832) (1985).

2. During the direct examination of one of the State's expert witnesses, appellant objected that the witness had testified to the opinion of another expert and not to her own opinion. The trial court's failure to sustain this objection is enumerated as error.

"While an expert witness may support his opinion by reference to books, statistical sources and other learned sources, his testimony is

inadmissible when it is merely a restatement of a textbook opinion rather than an independent expression of his own personal opinion. [Cits.]" *Department of Transp. v. Brand*, 149 Ga. App. 547 (1) (254 SE2d 873) (1979). Contrary to appellant's assertions, however, no erroneous hearsay opinion was given in the instant case. The record shows that the contested testimony was a mere background reference to the development of the psychological test that the testifying witness had administered to the victim and upon which the testifying witness based her own opinion that the victim evidenced characteristics of having been sexually abused. The trial court did not err in failing to sustain appellant's objection to this background testimony.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 30, 1990.

*L. Eddie Benton, Jr.*, for appellant.

*C. Andrew Fuller, District Attorney, Lee Darragh, Assistant District Attorney*, for appellee.