A90A1354. BARNES v. THE STATE.
(397 SE2d 70)

BIRDSONG, Judge.

Barnes appeals his conviction of possession of cocaine with intent to distribute. He alleges that the verdict is contrary to law, contrary to the evidence, and against the weight of the evidence because there was no evidence that he possessed cocaine on the date alleged as material in the indictment. He also contends the trial court erred by not granting a mistrial because the State improperly put his character in issue, erred by denying his motion for a directed verdict of acquittal,

and erred by denying his motion for a new trial. *Held*:

1. Barnes' allegations are based on his contention that on May 17, the date alleged in the indictment as material, he did not possess any drugs with or without the intent to distribute, because he was not found in actual physical possession of cocaine. Thus he argues that he cannot be convicted for merely being in the vicinity of the cocaine. See *Donaldson v. State*, 134 Ga. App. 755, 756 (216 SE2d 645). The State's evidence, however, was not merely that Barnes was in the vicinity of the drug. Instead, Barnes' two roommates testified that they were all three jointly in the business of selling drugs and that they each sold drugs for the benefit of the others. For example, the roommates testified that when one had drugs they all had drugs, that on May 17 the drugs were at the house to sell, that Barnes was involved in deciding what drugs to sell, that all three had been selling drugs like this for months. "Possession of contraband may be actual or constructive. *Hadden v. State*, 181 Ga. App. 628 (1) (353 SE2d 532) (1987). Moreover, joint constructive possession with another will sustain a conviction for possession of contraband." *Allen v. State*, 191 Ga. App. 623, 624 (382 SE2d 690).

Although a person may not be in actual possession of a drug, if he knowingly has the power and intention at the time to exercise dominion or control over the drug, he is in constructive possession of it. Further, the law of this state recognizes both joint and sole possession. See *Allen v. State*, supra; *Anderson v. State*, 166 Ga. App. 459, 460 (304 SE2d 550). The testimony of Barnes' two roommates was sufficient to authorize the jury to conclude that Barnes and his roommates were in joint constructive possession of the cocaine. Therefore, we find that any rational trier of fact could have found that Barnes was guilty of possession of cocaine with the intent to distribute beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Rowe v. State*, 184 Ga. App. 437, 438 (361 SE2d 705).

2. Barnes also asserts that the trial court erred by denying his motion for a mistrial because the prosecution put his character in issue by introducing evidence from his roommates about the prior drug sales and their business of selling drugs. "[W]hether to grant a mistrial is within the sound discretion of the trial court and his ruling will not be disturbed absent an abuse of discretion. *Ladson v. State*, 248 Ga. 470 (285 SE2d 508)." *Buxton v. State*, 253 Ga. 137, 139 (317 SE2d 538). There was no abuse of the trial court's discretion because the evidence Barnes complains of was clearly admissible. "Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, *outweighs* its prejudicial impact." *Oller v. State*, 187 Ga. App. 818, 819 (371 SE2d 455). The testimony of Barnes' roommates met both conditions

for admissibility of this evidence (see *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515)), and the evidence's relevance outweighed any prejudicial impact it might have. Accordingly, the trial court did not err by denying Barnes' motion for a mistrial.

3. Barnes contends the trial court erred by denying his motion for a directed verdict of acquittal since he contended there was no evidence that he possessed the cocaine in question and erroneously denied his motion for a new trial based on the issues raised in his first three enumerations of error. For the reasons discussed above, neither of these enumerations has merit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 7, 1990.

*Larry B. Mims*, for appellant.

*David E. Perry, District Attorney, A. Douglas Newsome, Assistant District Attorney*, for appellee.