A91A1302. PINSON v. THE STATE.
(411 SE2d 564)

</div>

McMURRAY, Presiding Judge.

Defendant was charged in Count 1 of a three count indictment with aggravated child molestation. In Counts 2 and 3 of the indictment, defendant was charged with child molestation. The crimes allegedly occurred at the victims' home in Gwinnett County, Georgia. In Counts 1 and 2, the victim was the same child. In Count 3 the victim was another child.

The case was tried before a jury and the victims testified that defendant sexually molested them at their home in Rockdale County, Georgia. The victims further testified that they moved from Rockdale County to Gwinnett County and that defendant sexually molested them at their Gwinnett County home. Defendant was found guilty on

all counts of the indictment. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant first challenges admission of the similar transaction evidence that he sexually molested the victims at their home in Rockdale County, arguing that its prejudicial impact outweighed its probative value. We do not agree.

" 'Evidence of similar crimes is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, *outweighs* its prejudicial impact.' *Oller v. State*, 187 Ga. App. 818, 819 (371 SE2d 455)." *Barnes v. State*, 196 Ga. App. 797, 798 (2) (397 SE2d 70). In the case sub judice, evidence that defendant sexually molested the victims at their Rockdale County home was relevant to prove defendant's motive, plan, scheme, bent of mind and course of conduct in molesting the victims at their Gwinnett County home. Further, the relevance of this similar crimes' evidence outweighed any prejudicial impact it might have. *Oller v. State*, 187 Ga. App. 818, 819 (2), supra.

2. Defendant contends that venue was not proven beyond a reasonable doubt. This contention is without merit.

The victims testified that defendant committed the crimes in Gwinnett County, Georgia. The victims' parents testified that defendant stayed at their home in Gwinnett County. This evidence was sufficient to prove, beyond a reasonable doubt, that defendant committed the crimes in Gwinnett County, Georgia as alleged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Inman v. State*, 195 Ga. App. 805 (1) (395 SE2d 52).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED OCTOBER 21, 1991.

*Nelson H. Turner*, for appellant.

*Thomas C. Lawler III, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.