A96A0554. HIGGINS v. THE STATE.
(471 SE2d 275)

BIRDSONG, Presiding Judge.

Almond Higgins was convicted of one count of burglary in violation of OCGA § 16-7-1. He enumerates two errors, arguing that the trial court erred in allowing the introduction of (1) an incriminating statement he made after invoking his right to counsel and (2) testimony by the victim placing his character into evidence.

The State's evidence revealed that this case arose just after the victim broke up with Higgins and demanded that he move out of her home and return her key. Upon receiving her key from Higgins, the victim left for Florida. She returned a few days later to find her kitchen window broken, the back door open, and tools which were subsequently valued at $10,000 missing from her attic. She contacted the police. The victim testified that Higgins telephoned her the next day and admitted he had broken into her house and taken some tools. The victim also testified that Higgins apologized and stated he was on drugs. During a subsequent telephone call, Higgins purportedly asked the victim whether she would consider getting back together with him, if he could retrieve the tools. After this, the victim swore out a warrant on Higgins and began contacting the police detective investigating her case each time Higgins called her.

Higgins turned himself in to authorities and was arrested and incarcerated. Higgins testified that after his arrest, an officer demanded that he sign a waiver of rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694). Although Higgins signed the waiver, he refused to make a statement outside his attorney's

presence.

Subsequently, the victim informed the detective that Higgins desired to talk with him. The detective then retrieved Higgins from his cell, had Higgins sign a second waiver of his *Miranda* rights, and asked Higgins whether he wished to talk. The detective testified that Higgins answered in the affirmative but refused to reveal the location of the tools.

Prior to trial, the trial court held a hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) to determine the admissibility of Higgins' refusal to reveal the tools' location to the detective. The court decided that Higgins' statement was admissible. Higgins also moved in limine to exclude the victim's testimony that he had admitted to a drug problem. The court denied the motion, reasoning that the testimony revealed the motive for the burglary. *Held*:

1. The trial court did not err in allowing the admission of the detective's testimony that Higgins refused to tell him the tools' location. "[O]nce a suspect invokes his fifth amendment right to counsel, not only must the interrogation cease, but the police cannot reinterrogate or otherwise initiate contact designed to produce incriminating statements." *Wilson v. State*, 264 Ga. 287, 289 (2) (444 SE2d 306). This rule remains in force until counsel is made available "unless the accused himself initiates further communication, exchanges, or conversations with the police." *Edwards v. Arizona*, 451 U. S. 477, 485 (101 SC 1880, 68 LE2d 378). "If police initiate questioning after the invocation of the right to counsel, any uncounseled waiver of that right is invalid." *Roper v. State*, 258 Ga. 847, 849 (1) (375 SE2d 600).

After hearing evidence and argument, the trial court determined that Higgins himself initiated contact with the police through the victim. Although Higgins denies that he told the victim he wished to talk to authorities, the trial court's factual finding on this issue is not clearly erroneous. *Pierce v. State*, 209 Ga. App. 366 (1) (433 SE2d 641). Accordingly, we affirm the decision to admit the statement.

2. The trial court did not err in admitting the victim's testimony that, in the course of the phone conversation during which he admitted breaking into her home and taking some of her tools, Higgins told her he was on drugs. Evidence which incidentally places the accused's character in issue is admissible where its relevance to show such matters as motive or bent of mind outweighs its prejudicial impact. *Barnes v. State*, 196 Ga. App. 797 (397 SE2d 70). "[S]uch evidence is not admissible if its *only* effect is to place the defendant's bad character before the jury." *Brown v. State*, 197 Ga. App. 155 (398 SE2d 34). Because the evidence at issue was relevant to Higgins' bent of mind and motive in taking the expensive tools, its admission was not improper. Moreover, "it is no valid ground of objection to the admission in evidence of an incriminatory statement or confession

made by the accused in a criminal case that the language indicated that the accused had committed also another and separate offense." (Citations and punctuation omitted.) *Frazier v. State*, 257 Ga. 690, 696-697 (14) (362 SE2d 351).

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED MAY 8, 1996.

*Devon A. Orland*, for appellant.

*J. Tom Morgan, District Attorney, Richard S. Moultrie, Jr., Desiree S. Peagler, Assistant District Attorneys*, for appellee.