DECIDED JULY 8, 1983.

*Charles W. Smith, Jr.,* for appellant.
*William S. Hardman, Solicitor,* for appellee.

## 66520. GOODMAN v. THE STATE.

QUILLIAN, Presiding Judge.

Defendant appeals his conviction of seven counts of making and delivering bad checks. *Held:*

1. In this case the state was permitted, over objection, to prove a substantial portion thereof by the use of the hearsay testimony of investigating police officers admitted to explain their conduct under the provisions of OCGA § 24-3-2 (formerly Code Ann. § 38-302).

In *Momon v. State,* 249 Ga. 865, 867 (294 SE2d 482), the court said: "To prevent an overly broad interpretation of Code § 38-302, we adopt the following: When, in a legal investigation, the conduct and motives of the actor are matters concerning which the truth must be found (i.e., are relevant to the issues on trial), then information, conversations, letters and replies, and similar evidence known to the actor are admissible to explain the actor's conduct. [Cits.] But where the conduct and motives of the actor are not matters concerning which the truth must be found (i.e., are irrelevant to the issues on trial) then the information, etc., on which he or she acted shall not be admissible under Code § 38-302."

In the instant case state's exhibits 1, 2 and 3, which were the checks alleged in counts 1, 3 and 4, were checks purportedly signed by defendant and payable to Bargain Barn. No witness from Bargain Barn testified. Police Lt. Bennett testified that he received the three checks from the manager of Bargain Barn who told him that they were no good. Acting on this information, Bennett arrested the defendant. Bennett was not qualified as a handwriting expert, nor was he familiar with defendant's signature or handwriting. Yet he was permitted to compare the signatures of the purported checks to Bargain Barn with other admitted exhibits containing defendant's signature and to declare that they were made by the same person. No other evidence was presented to establish that defendant made and delivered these three checks, nor was there any competent evidence of what consideration he received for the checks.

State's exhibit 4, another check purportedly written by de-

fendant to Belk's department store but not charged, was testified to by Officer Ferguson. He stated that he talked with Belk's employees who told him that defendant attempted to pass the check at their store. No one from Belk's testified and the check was admitted in evidence based solely on Ferguson's testimony, apparently to show a similar transaction.

Bennett's testimony comparing the purported signature of defendant with known samples of defendant's signature was not admissible as he was neither qualified as an expert nor was he familiar with defendant's signature. See *Dowdy v. State,* 159 Ga. App. 805 (1) (285 SE2d 764), and cases there cited.

The testimonies of both Bennett and Ferguson were offered to prove that defendant had written the four checks and delivered or attempted to deliver them. While this testimony may have been admissible under OCGA § 24-3-2 (Code Ann. § 38-302) to explain the officers' conduct, they were admissible only for that purpose. "The statements were not admissible as substantive proof of the matters asserted therein. See *Momon v. State,* 249 Ga. 865 (294 SE2d 482) (1982); *Anderson v. State,* 247 Ga. 397 (276 SE2d 603)." *Gaskins v. State,* 250 Ga. 386 (4), 389 (297 SEd 729), and see special concurrence thereto at 390. Compare, *Dover v. State,* 250 Ga. 209 (5) (296 SE2d 710).

Accordingly, we find that the trial court erred in admitting the officers' testimony of what was told to them for the truth of the matters stated to them and in permitting this hearsay testimony to be used as the predicate for admitting state's exhibits 1, 2, 3 and 4.

2. Defendant contends that state's exhibits 6 and 23 were also improperly admitted.

Rogers, the manager of Avis Rent A Car, identified exhibit 6 as a check made out to Avis which was signed with defendant's name. She did not receive the check from defendant nor did she see him sign it. However, she was familiar with defendant's signature from other transactions he had had with Avis through her personally. Thus her testimony identifying defendant's signature on exhibit 6 as defendant's was admissible under OCGA § 24-7-6 (Code Ann. § 38-708), which states: "Proof of handwriting may be resorted to in the absence of direct evidence of execution. In such case, any witness who shall swear that he knows or would recognize the handwriting shall be competent to testify as to his belief. The source of his knowledge shall be a question for investigation and shall go entirely to the credit and weight of his evidence."

Exhibit 23 was a check purportedly given to Warehouse Furniture by defendant. Mack, the manager of Warehouse Furniture, testified that the check was given to Dodson, a sales

person. Mack knew defendant but had not seen him sign or deliver this check. Dodson was unable to corroborate Mack's testimony, testifying that he had never seen the check before. However, Mack also testified that he had seen defendant sign other checks and that the signature on exhibit 23 appeared to be the same as the signature he had seen on other checks made by defendant. Thus there was no error in receiving exhibit 23 in evidence on the same basis as exhibit 6, supra, was received.

3. It is asserted that the trial court erred in failing to direct a verdict of acquittal as to counts 1, 2, 3, 4, 6 and 7.

As we have shown in the first division, there was no competent evidence presented to show that defendant either wrote or delivered the checks alleged in counts 1, 3 and 4, involving Bargain Barn, in violation of OCGA § 16-9-20 (Code Ann. §§ 26-1704, 41A-9909). Thus, the trial court erred in failing to direct a verdict of acquittal on these three counts.

As to counts 2 and 7, defendant claims that the checks to Avis (exhibits 7 and 6), were advance payments for the rental of an automobile and therefore were not for present consideration as required by OCGA § 16-9-20 (a) (Code Ann. §§ 26-1704, 41A-9909).

Rogers, the Avis manager, testified that defendant entered into a car rental contract on January 19, 1982, paying the minimum amount of $75 in cash, which was sufficient to rent the car to January 20th. On January 20, defendant extended the rental contract and gave one of the alleged checks for $200 to pay for that extension. On January 25 defendant extended the rental contract again and gave the other alleged check for $200 for that obligation. The witness stated that the rental fees were due on the extension of the rentals.

Since OCGA § 16-9-20 (f) (2) (Code Ann. § 26-1704) provides that present consideration "shall include without limitation an obligation or debt of rent which is past due or presently due," defendant's claim that there was only future, not present, consideration has no merit.

As we find after examination of all of the evidence that it is sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt of counts 2, 5, 6 and 7, a verdict of acquittal was not demanded as to these counts. *Milner v. State,* 159 Ga. App. 887 (285 SE2d 602); *Ramsey v. State,* 165 Ga. App. 854 (6) (303 SE2d 32).

4. Remaining allegations of error are either mooted by the foregoing or are without merit.

*Judgment affirmed as to counts 2, 5, 6 and 7; reversed as to counts 1, 3 and 4. Sognier and Pope, JJ., concur.*

DECIDED JULY 8, 1983.

*Reginald C. Wisenbaker,* for appellant.

*H. Lamar Cole, District Attorney, Fred Simpson, Assistant District Attorney,* for appellee.