A89A2189. JOHNSON v. THE STATE.
(391 SE2d 716)

POPE, Judge.

Defendant Anthony Johnson was convicted of trafficking in cocaine and appeals. The evidence showed that just prior to his arrest defendant and his three co-indictees had traveled to Dublin, Georgia, from the Ft. Lauderdale area of Florida. The group traveled in three cars including a Cadillac owned by defendant Johnson's wife and a brown station wagon. On November 4, 1987, a confidential informant notified the Dublin Police Department that a brown station wagon carrying cocaine and several nine millimeter automatic pistols was en route to Highway 19 and I-16 in Laurens County. Shortly thereafter the authorities stopped a vehicle matching this description and discovered a nine millimeter pistol and a bag containing 19.58 grams of

cocaine on the floor of the back seat next to where defendant was seated as a passenger in the car. One of the co-indictees was driving the car and another was in the front passenger seat. Later in the day, pursuant to written consent, the authorities searched defendant's wife's Cadillac and discovered plastic bags containing a total of 22.37 grams of cocaine, cash, a .38 caliber pistol and drug paraphernalia. Another nine millimeter pistol was found beneath the house where one of defendant's co-indictees was staying while visiting Laurens County.

1. During his opening statement to the jury defendant's counsel commenced to state to the jury the law of the presumption of innocence. The State's objection was sustained. Defendant's attorney then requested the trial court then and there to charge the jury on the presumption of innocence. The trial court did not err in refusing to charge the jury on a principle of law during the defendant's opening statement. "Counsel is limited in his opening statement to matters he expects to prove." *Smith v. Berry*, 231 Ga. 39, 40 (200 SE2d 95) (1973). The presumption of innocence is not considered evidence in favor of the accused but a way of defining the prosecutor's burden to produce evidence of guilt. See *Taylor v. Kentucky*, 436 U. S. 478, 483, n.12 (98 SC 1930, 56 LE2d 468) (1978); *Agnew v. United States*, 165 U. S. 36, 51-52 (17 SC 235, 41 LE 624) (1897). It cannot be said that the presumption of innocence is a matter of evidence which defendant intends to prove and, therefore, it is not properly within the scope of matters which may be addressed during opening statement. The trial court instructed the jury on the presumption of innocence at the proper time. Consequently, no error is shown.

2. Although defendant was not indicted under a conspiracy theory, a conspiracy may be proved even though not alleged in the indictment or accusation. See *Bruster v. State*, 228 Ga. 651 (3) (187 SE2d 297) (1972); *Carpenter v. State*, 167 Ga. App. 634 (11) (307 SE2d 19) (1983). The jury in this case was correctly charged on the law of conspiracy and that "the act of one conspirator is considered to be the act of all the conspirators." *Whitfield v. State*, 159 Ga. App. 398, 400 (283 SE2d 627) (1981). Consequently, we find no error in admitting the testimony concerning the finding of a weapon at the residence where one of defendant's co-indictees was temporarily residing.

3. In regard to possession, the trial court charged the jury, "You would be authorized to convict only if you find, beyond a reasonable doubt, that the defendant knowingly had actual possession either alone or jointly with others and that the term, actual possession[,] does not require that a person be holding the alleged contraband or have it physically on his person." We reject defendant's argument that the trial court defined actual possession in such a way as to in-

clude the notion of constructive possession. Actual possession requires only direct physical control over a substance; it does not require that the substance be on the defendant's person. *Evans v. State*, 167 Ga. App. 396 (1) (306 SE2d 691) (1983), disapproved on other grounds in *Teague v. Georgia*, 252 Ga. 534 (1) (314 SE2d 910) (1984). Thus, the trial court's definition of actual possession was not improper.

Neither did the trial court err in failing to give defendant's requested charges on the presumption that contraband found in an automobile belongs to the owner or driver of an automobile or on the equal access rule. Neither of the requested charges were applicable to the evidence presented in the case. The presumption that the driver or owner of an automobile is in possession of all that is in the automobile is a rebuttable presumption of guilt against an owner or driver and may not be used as a presumption of innocence by an occupant of the automobile. Compare *Reed v. State*, 186 Ga. App. 539 (367 SE2d 809) (1988). The presumption applies only when the driver is in exclusive possession of the automobile and does not apply in a case involving evidence of joint possession with others. See *Robinson v. State*, 175 Ga. App. 769 (2) (334 SE2d 358) (1985). Compare *Farmer v. State*, 152 Ga. App. 792 (264 SE2d 235) (1979). The equal access rule applies to overcome the presumption that the owner or driver of an automobile is in possession of the contents of the automobile; it does not overcome evidence of joint possession. See *Mendez v. State*, 185 Ga. App. 1 (1) (363 SE2d 262) (1987). The equal access rule is simply a defense available to an accused to whom a presumption of possession flows. Where the evidence does not show defendant owned or was in the exclusive control of the automobile in which contraband was found, the equal access defense is not triggered. *Akins v. State*, 184 Ga. App. 441 (1) (361 SE2d 707) (1987).

4. We reject defendant's argument that the trial court's instruction to the jurors that they were not to concern themselves with punishment because that was the court's responsibility wrongly implied the judge expected a guilty verdict. This correct statement of the law was preceded by the comment "[Y]ou are only concerned with the guilt *or innocence* of Mr. Johnson." (Emphasis supplied.)

5. Finally, we hold the trial court did not err in failing to grant defendant's motion for acquittal or in denying his motion for new trial on the ground the evidence was insufficient to sustain his conviction. "The question of the existence of a conspiracy may be shown by circumstantial evidence." *Causey v. State*, 154 Ga. App. 76, 78 (267 SE2d 475) (1980). Here the evidence that defendant and his co-indictees traveled together from south Florida, an area known as a source for drug trafficking, and that contraband and weapons were found in two of their cars and another weapon was found at the place where one co-indictee was staying is sufficient circumstantial evidence

to show the existence of a conspiracy among the co-indictees. Once the conspiracy was shown, defendant could properly be found guilty for the acts of any and all the conspirators. See *Whitfield v. State,* supra.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MARCH 6, 1990.

*Henry G. Bozeman,* for appellant.

*Ralph M. Walke, District Attorney, Tyson Blue, Assistant District Attorney,* for appellee.