A90A0375. DAVIS v. THE STATE.
(392 SE2d 327)

BIRDSONG, Judge.

Appellant, John James Davis, Jr., appeals his conviction of burglary and his sentence.

Appellant admitted being at the scene of the burglary, but claimed he had taken a man, with the nickname "L. A.," to the house,

as L. A. said he was going there to see his boss. Appellant testified that while he waited for L. A., the latter committed the burglary without appellant's knowledge or assistance.

Appellant's fingerprints were found on broken glass lying inside and outside the house near the broken back window. Appellant further testified he had become tired of waiting and had gone to the rear of the house to look for L. A. He noticed the broken window, and innocently placed his hands on the glass while looking into the house to see what was going on. When he returned to the front of the house, L. A. was loading stolen property into appellant's vehicle. Appellant asserts that after he discovered what happened and that L. A. was armed, he was afraid to stop the crime or to report it. L. A. gave him a stolen radio and a watch as payment for the ride to the burglarized premises.

The rear window was about five feet from the ground, and a heat pump switch box near the window was pulled from the building. The perpetrator had stepped upon the central air and heating unit to break out the window.

Appellant was identified as the man who attempted to sell the stolen watch approximately ten days after the burglary, and he admitted to the sale at trial. *Held*:

1. Appellant asserts that the evidence was insufficient to support the finding of guilty of burglary beyond a reasonable doubt.

An appellate court determines sufficiency of evidence; it neither weighs evidence nor determines witness credibility. *Smith v. State*, 192 Ga. App. 768 (1) (386 SE2d 530); *Banks v. State*, 185 Ga. App. 851 (3) (366 SE2d 228).

To support the verdict of guilty of burglary, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). Viewing the evidence in a light most favorable to the verdict, we conclude that the jury rationally could have found that it excluded every reasonable hypothesis except that of the defendant's guilt.

Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Appellant asserts that the trial court erred in overruling his objection to State Exhibit No. 4 on the grounds that a proper foundation had not been laid for its admissibility.

We are satisfied that an adequate foundation was laid for the admission of State Exhibit No. 4 within the meaning of OCGA § 24-3-14 (b). See generally *Suarez v. Suarez*, 257 Ga. 102 (2) (355 SE2d 649).

The trial record reflects that "everybody that is arrested has a

folder on them and the fingerprints are kept in the folder." The fingerprint card is a part of the record and is generally made at the time of a subject's arrest during the booking procedure. The name of the person who took the prints is on the card, and the card normally is maintained in the file jacket of the subject's arrest record at the sheriff's department. The fingerprint card was routinely kept as part of the arrest record and used routinely for "latent comparisons." The State's witness further testified that he was one of the custodians of the arrest records which contained the fingerprint cards, that the record was routinely kept in the normal course of business in the operation of the sheriff's department, that it was normal procedure to make this type of prints when someone is arrested, and that these prints were made as a result of an arrest in 1986. Although the witness had been with the sheriff's department for less than a year and did not personally observe the taking of appellant's prints or their placement on State Exhibit No. 4, "[a]ll other circumstances of the making of the writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight; but they shall not affect its admissibility." OCGA § 24-3-14 (c). OCGA § 24-3-14 is to be liberally interpreted and applied. OCGA § 24-3-14 (d).

A witness identifying business records under OCGA § 24-3-14 does not have to have personal knowledge of the correctness of the records or have actually made the entry himself. *Murphy v. State*, 182 Ga. App. 791 (1) (357 SE2d 147).

Moreover, assuming arguendo error had occurred, it would be harmless, as appellant admitted in judicio that he had touched the broken window with his hands.

3. Appellant asserts that the trial court erred in overruling his objection to the recharging of the jury as to the legal theory of party to a crime, because the court failed to remind the jury of the other parts of the charge and that they must give due consideration to the charge as a whole.

" ' "Where the jury requests further instructions upon a particular phase of the case, the court in his discretion may recharge them in full, or only upon the point or points requested." ' " *Lobdell v. State*, 256 Ga. 769, 776 (13) (353 SE2d 799); compare *Welch v. State*, 257 Ga. 197 (1) (357 SE2d 70).

Appellant argues that in *Burgan v. State*, 258 Ga. 512 (4) (371 SE2d 854), the court held there was no abuse of discretion where the appellant failed to request a full recharge or to object to the recharge as given and where the judge cautioned the jury to recall and apply equally the other portions of his original charge that were not recharged. Appellant asserts that in this case, as timely objection was made to the recharge and no contemporaneous charge was given to the jury to recall the original charge and apply it in its entirety, the

trial court abused its discretion within the meaning of *Burgan*.

We do not interpret the holding in *Burgan*, as mandating such a result. Less than two hours before the recharge was given, the trial court in its original charge instructed the jury that "[t]he charge of the court should be received and considered by you in its entirety, as a whole, as one body of law that applies to this case." Nothing is contained in the recharge to negate this instruction. Before recharge, the trial court expressly asked the jury if they desired any other portions of the instruction to be repeated and was informed by the foreman that the only question raised by the jury concerned the charge pertaining to the instruction as to parties; and, following the recharge, the jury foreman confirmed that the area of inquiry had been completely covered.

We find the trial court did not breach its discretion.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 15, 1990.

*James P. Brown, Jr.*, for appellant.

*Tommy K. Floyd, District Attorney, Marie R. Banks, Assistant District Attorney*, for appellee.