## A92A2421. KINCER v. THE STATE.
(430 SE2d 597)

POPE, Chief Judge.

Defendant John C. Kincer was convicted by a jury of the offense of cruelty to children. He appeals following the denial of his motion for new trial.

1. In his first three enumerations of error, defendant contends the trial court erred in admitting evidence of similar transactions. Defendant's sole objection in the trial court was that the prejudicial impact of the complained-of evidence outweighed its "scant probative value." On appeal defendant urges two additional reasons in support of his argument that the evidence was improperly admitted at trial, to wit, that it was not offered for a proper purpose and that it was not sufficiently similar to the present offense. However, by failing to raise these grounds below, under the authority of *Hunter v. State,* 202 Ga. App. 195, 196-198 (3) (413 SE2d 526) (1991), "[defendant] is deemed to have waived these arguments and we are precluded from considering these enumerations on appeal." *Jackson v. State,* 205 Ga. App. 513, 514 (422 SE2d 673) (1992). We reject defendant's further contention on appeal, that the decision in *Hunter* is a misinterpretation of *Williams v. State,* 261 Ga. 640 (409 SE2d 649) (1991). " '(N)othing in . . . *Williams* suggests that the Supreme Court has determined to dis-

pense with the long-standing rule that, to warrant appellate consideration, an objection to the admission of evidence must first have been raised in the trial court. . . .' *Hunter v. State*, 202 Ga. App. [at 198 (3)]." *McGaha v. State*, 204 Ga. App. 248, 249 (418 SE2d 802) (1992).

Moreover, we have examined defendant's contention asserted in the court below and in his brief to this court, that the probative value of the evidence did not outweigh its prejudicial impact, and find it to be without merit. Defendant was convicted of cruelty to children in this case based on a charge that he made the victim (his girl friend's son) rub animal feces on his face. The similar transaction evidence offered against defendant at trial concerned other incidents of mistreatment of the victim and of mistreatment of the son of defendant's former wife. These similar acts were admissible to show bent of mind and course of conduct. " ' "Evidence of similar [transactions] is admissible where its relevance to show identity, motive, plan, scheme, bent of mind and course of conduct, *outweighs* its prejudicial impact." *Oller v. State*, 187 Ga. App. 818, 819 (371 SE2d 455) [(1988)].' *Barnes v. State*, 196 Ga. App. 797, 798 (2) (397 SE2d 70) [(1990)]." *Pinson v. State*, 201 Ga. App. 555, 556 (411 SE2d 564) (1991). "[A]ssuming arguendo that some degree of prejudice to [defendant] would flow from the . . . admission of this evidence, such prejudice was outweighed by [its] probative value or its relevancy to the issues on trial. . . .' [Cit.] . . . Accordingly, we find no error." *Willis v. State*, 199 Ga. App. 658, 659 (1) (405 SE2d 739) (1991); *Ross v. State*, 199 Ga. App. 767, 768 (2) (406 SE2d 101) (1991).

2. Defendant also contends the trial court erred in refusing to allow him to review the contents of a pre-sentencing report. As to this issue, the record shows that following the pronouncement of the jury verdict, the trial court asked defendant and his counsel whether they wished to have a pre-sentence investigation conducted, and both defendant and his counsel responded in the affirmative. At the subsequent proceedings to impose sentence, the trial court informed defendant that there were statements in the report made by people who did not want their names disclosed, and informed defendant that he was making the report a part of the record on appeal but was not going to allow the defendant to review the report. Neither defendant nor his counsel objected to this procedure, although the trial court, immediately following his statement concerning the report, asked the defendant if there was anything he wanted to say prior to sentencing. Consequently, defendant cannot now be heard to complain about this aspect of the proceedings. " 'If no objection is made at the pre-sentence hearing, a subsequent review by this court of that phase is eliminated.' [Cits.]" *Moss v. State*, 159 Ga. App. 317, 319 (283 SE2d 275) (1981).

*Judgment affirmed. Johnson, J., concurs. Carley, P. J., concurs*

*in Division 2 and in judgment.*

DECIDED FEBRUARY 25, 1993 —
RECONSIDERATION DENIED APRIL 1, 1993

John R. Emmett, for appellant.
Ralph L. Van Pelt, Jr., District Attorney, Mary Jane Palumbo, Melodie B. Swartzbaugh, Assistant District Attorneys, for appellee.