A97A2165. COLEMAN v. THE STATE.
(494 SE2d 549)

BLACKBURN, Judge.

Artis Coleman appeals his conviction for possession of marijuana, contending that the evidence against him was insufficient as a matter of law to support the verdict. His two co-defendants were acquitted. For the reasons discussed below, we affirm the conviction.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Coleman] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The standard for reviewing a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense. Moreover, the test established in *Jackson[ v. Virginia]* is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." (Citations and punctua-

tion omitted.) *Lester v. State*, 226 Ga. App. 373, 376 (2) (487 SE2d 25) (1997).

On the afternoon of April 1, 1995, Coleman borrowed his girlfriend's car and made several trips across Wrightsville, Georgia on various errands with his friends Jeff Jenkins and Hollis Mason. Coleman was driving the car in which marijuana was later found on the dashboard. Jenkins was in the front passenger's seat, and Mason was in the back seat. That evening, the three men parked the car in a lot across from a local school while they drank some liquor they had purchased. Officer Charles Kicklighter, who pulled up behind the defendants, approached the car and found a plastic bag containing two marijuana roaches in plain view on the dashboard of the car, and he arrested all three men for possession of marijuana. At trial, Coleman was found guilty, and his co-defendants were acquitted.

"[Coleman] argues that mere presence in the vicinity of contraband, without more, does not establish possession, and there must be a showing of constructive possession by [him] other than mere spatial proximity. While we agree with those principles of law, they are inapplicable here." *Blaise v. State*, 185 Ga. App. 653 (365 SE2d 499) (1988). "A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons shared actual or constructive possession of a thing, possession is joint." (Punctuation omitted.) *Shropshire v. State*, 201 Ga. App. 421, 422 (411 SE2d 339) (1991).

"Sufficient circumstantial evidence was presented at trial to establish that [Coleman] had at least joint constructive possession of the contraband in the vehicle. [Cit.] There was evidence from which a jury could conclude that the [marijuana] was visible, and that [Coleman] had access to it and the power to exercise control over it." Id. Coleman and his co-defendants had driven the vehicle to Wrightsville several times that day, and they were sitting in the parked car when Officer Kicklighter pulled up behind them. Furthermore, the marijuana roaches were in plain sight on the dashboard of the car, making them visible to Coleman.

Contrary to Coleman's contention, *Farmer v. State*, 152 Ga. App. 792 (264 SE2d 235) (1979), does not change this result. In *Farmer*, the car in question was borrowed from someone the accused did not know, and the marijuana was found wrapped in a towel beneath the passenger's seat, almost completely out of sight. Based on these facts, we held that "where an accused presents any competent evidence

that others have had equal access to the vehicle where contraband material is found, it cannot be inferred as a matter of fact, giving rise to a presumption of law, that based *solely* upon ownership or operation he or she was in actual or constructive possession of the contraband." (Emphasis supplied.) Id. at 796.

In the present case, on the other hand, Coleman's possession of the contraband was not based solely upon the fact that he was operating the car in which it was found. Rather, Coleman, as the borrower of the vehicle, was also in control of the vehicle and, as the driver, was in control of the dashboard on which the marijuana was found which was within his reach. While these facts would not demand a guilty verdict, they are sufficient to support the jury's finding in this case. Accordingly, a jury could infer that Coleman was aware of the contraband, was in control of same, and was in sole or joint constructive possession of it, and the judgment must be affirmed under the standard of *Jackson v. Virginia*, supra.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 3, 1997.

*Joe H. Thalgott*, for appellant.
*Ralph M. Walke, District Attorney, Wesley C. Ross, Assistant District Attorney*, for appellee.