## A99A0014. SHEFFIELD v. THE STATE.

(516 SE2d 563)

ANDREWS, Judge.

Ronald Ray Sheffield appeals from the denial of his motion for new trial after his conviction of driving under the influence of alcohol to the extent he was less safe to drive. OCGA § 40-6-391 (a) (1).

1. Sheffield contests the sufficiency of the evidence in his third enumeration, and we consider it first.

" 'On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence.' (Citations and punctuation omitted.) *Curtis v. State*, 208 Ga. App. 720, 721 (431 SE2d 719) (1993)." *Etienne v. State*, 219 Ga. App. 95, 97 (2) (464 SE2d 396) (1995).

So viewed, the evidence was that, on January 16, 1990, Deputy Floyd received a call regarding a 1973 Ford truck blocking a roadway. He responded, and on the way to that location, he encountered another vehicle weaving. He pulled that vehicle over right behind the pickup which was partially blocking the roadway. After placing the first driver under arrest, Deputy Floyd approached the pickup and tapped on the door. The truck's engine was running, and he could see Sheffield slumped over the steering wheel. Sheffield made no attempt to respond to the officer. The officer opened the truck door and asked Sheffield to exit. When Sheffield looked at him, the officer noticed that Sheffield's eyes were very bloodshot and there was a strong smell of alcohol. Sheffield then cursed the officer and told him he would "whip [his] - - -."

Deputy Floyd called for backup, and he and Sgt. Frederick removed Sheffield from the truck, cuffed him, and placed him in the police car. Both officers stated that Sheffield was "highly intoxicated," could not stand on his own, smelled of alcohol and was agitated, cursing, and threatening them. Sheffield refused to submit to any testing after he was read his implied consent rights. Deputy Floyd testified that, in his opinion, Sheffield was a very unsafe driver.

Sheffield argues that, since neither officer saw him actually

drive the vehicle, the State had failed to prove the charge since there were other reasonable hypotheses for his presence in the truck. This argument was rejected by the factfinder, and we find the evidence legally sufficient. *Turner v. State*, 233 Ga. App. 413, 417 (2) (504 SE2d 229) (1998); *Cunningham v. State*, 231 Ga. App. 420, 422 (2) (498 SE2d 590) (1998); *Phillips v. State*, 185 Ga. App. 54 (1) (363 SE2d 283) (1987).

2. Sheffield's first enumeration alleges three errors regarding the trial court's admission of a similar transaction.

"Our law requires that enumerations 'shall set out separately each error relied upon.' (OCGA § 5-6-40). . . ." [Cit.] When an appellant argues more than one error within a single enumeration, this court in its discretion may elect to review none of the errors so enumerated . . . or elect to review any one or more of the several assertions of error contained within the single enumeration and treat the remaining assertions of error therein as abandoned[.] [Cit.]

*Robinson v. State*, 200 Ga. App. 515, 518 (2) (b) (408 SE2d 820) (1991).

Considering only the issue of whether the State adequately proved the similar transaction, we find that it did not. The only evidence presented was State's Exhibit 2, a certified copy of Sheffield's prior conviction of OCGA § 40-6-391 (a) (1). That is insufficient. *Stephens v. State*, 261 Ga. 467, 468 (6) (405 SE2d 483) (1991). Compare *Lucas v. State*, 234 Ga. App. 534, 536 (2) (507 SE2d 253) (1998).

Because of the circumstantial nature of the case, we cannot say that the admission of this similar transaction evidence was harmless, and the conviction must be reversed.

3. Finally, Sheffield contends that the trial court erred in failing to hold a hearing on his motion to suppress and in limine regarding evidence of his refusal to submit to a breath test.

The transcript reveals, however, that there was discussion, argument, and the officers' testimony given on a number of Sheffield's motions, including the one directed at his refusal to take the test. We have examined the trial transcript as well, and it reflects that Sheffield was read his implied consent rights. The trial court properly admitted the refusal to take the test. OCGA § 40-6-392 (d); *Wells v. State*, 227 Ga. App. 521, 523 (2) (489 SE2d 307) (1997); *State v. Leviner*, 213 Ga. App. 99, 100 (2) (443 SE2d 688) (1994).

*Judgment reversed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 21, 1999.

*Virgil L. Brown & Associates, Larkin M. Lee*, for appellant.
*Newton & Howell, Griffin E. Howell III*, for appellee.