A99A0584. VISSER v. THE STATE.
(516 SE2d 840)

BARNES, Judge.

Terry Visser appeals his convictions for possession of marijuana with intent to distribute, driving under the influence, driving with a prohibited substance, and possession of less than one ounce of mari-

juana. He contends the evidence is insufficient to sustain his convictions.

1. Although Visser contends the evidence presented is insufficient to sustain his convictions, his argument focuses solely on his conviction for possession of marijuana with intent to distribute. As Visser did not present argument on his other convictions, any issue concerning the sufficiency of the evidence to support those convictions is abandoned. Court of Appeals Rule 27 (c) (2); *Bicknell v. Joyce Sportswear Co.*, 173 Ga. App. 897, 898 (3) (328 SE2d 564) (1985); *Sepulvado v. Daniels Lincoln-Mercury*, 170 Ga. App. 109 (1) (316 SE2d 554) (1984).

2. On appeal, the evidence is viewed in the light most favorable to the verdict. Further, Visser no longer enjoys the presumption of innocence, and the appellate court determines the sufficiency of the evidence and neither weighs the evidence nor judges the credibility of the witnesses. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

Viewed in the light most favorable to the verdict, the evidence shows that after receiving information Visser would be driving one of his cars to go purchase a quantity of marijuana, an officer saw Visser drive off. That night officers saw Visser returning to the county and, after following Visser's vehicle, saw him driving erratically and pulled him over.

Initially, the officers detected a strong odor of flowers or deodorant in the car, but when the air cleared one of the officers smelled what he believed to be burnt marijuana. Upon further investigation, including the use of a drug dog, a cola box containing over a pound of marijuana was found on the floor behind the front passenger bucket seat. This marijuana was the basis for the possession with intent to distribute charge.

Visser's defense to this charge was that the marijuana did not belong to him. He claimed he did not know the marijuana was in his car and that a former girlfriend also had access to the car. Therefore, he asserted that under the equal access rule he was entitled to an acquittal.

In this context, the equal access rule is merely that when there is evidence that someone other than the driver of the automobile had equal access to the contraband, the presumption that contraband found in an automobile is in the exclusive possession of the driver may be overcome. *Lombardo v. State*, 187 Ga. App. 440, 442 (5) (370 SE2d 503) (1988). The equal access defense, however, requires affirmative evidence that someone other than the defendant had an equal opportunity to commit the crime, and mere speculation that another may have had equal access to the automobile is not sufficient. *Cochran v. State*, 190 Ga. App. 884 (1) (380 SE2d 319) (1989).

Further, this presumption applies particularly when, as in this case, the driver is also the owner of the automobile. *Williams v. State*, 129 Ga. App. 103, 106 (1) (198 SE2d 683) (1973). In any event, whether the equal access evidence is sufficient to rebut the inference of possession is a question for the jury. *Cannon v. State*, 211 Ga. App. 835, 836 (440 SE2d 723) (1994).

In this appeal, Visser was alone in his automobile when arrested, and the box containing the marijuana was in plain view on the floor behind the bucket seat right next to where Visser was sitting. The evidence that someone else might have put the marijuana in the car was mere conjecture.

Consequently, review of all the evidence in the light most favorable to the verdict reveals ample evidence from which any rational trier of fact could find beyond a reasonable doubt that Visser was guilty of possession of marijuana with the intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 28, 1999.

*William C. Davison*, for appellant.
*Michael H. Crawford, District Attorney, Robert D. Cullifer, Assistant District Attorney*, for appellee.