## A99A2301. GRAHAM v. THE STATE.
### (529 SE2d 641)

SMITH, Judge.

William Thomas Graham was indicted on one count of possession of cocaine and one count of possession of more than an ounce of marijuana. He was tried by a jury jointly with a co-defendant, Allen Betsill, and he was found guilty on both counts.[1] His motion for new trial was denied, and he appeals, alleging that the evidence was insufficient to support his convictions and that the trial court erred in charging the jury. Finding no error, we affirm.

1. Construed to support the jury's verdict, the evidence presented at trial showed that at about 9:30 p.m. on March 18, 1997, Officer Allen Hastings of the Riverdale Police Department was on patrol when he observed a dark colored pickup truck pull in behind some businesses. Because the businesses were closed, Hastings's suspicions were aroused. He pulled in behind the truck without activating his emergency lights and saw Graham leave the truck.

Approaching Graham, he advised him there had been several burglaries in the area and asked him why he was there. Graham replied that he was dropping the truck off to a friend, but he appeared unduly nervous to Hastings. In Hastings's experience, this was more than the nervousness commonly displayed by those questioned by a police officer. He described Graham's hands as "extremely trembling." When asked for his driver's license and proof of insurance, Graham turned over his license but said he did not know about proof of insurance because it was not his truck.

About that time, Betsill walked up from his shop and indicated the truck belonged to him. Hastings asked Betsill if he knew where his proof of insurance was, and he said he did. When asked to produce it, Betsill walked to the truck, leaned in, then hesitated, and looked back at Hastings. Betsill's demeanor made Hastings "uncomfortable," and he "felt like something was extremely wrong." He therefore asked Betsill to step away from the truck and called for backup. In a few minutes, a backup officer arrived. Hastings asked Graham and Betsill for consent to search the truck, which was given. Hastings checked the console between the seats and discovered a large plastic bag containing marijuana and a small amount of cocaine wrapped in a lottery ticket. He then placed Graham under arrest. No drugs were found on Graham's person.

After inventorying and impounding the truck and asking Betsill for consent to search the shop, the shop was searched quickly, using a dog, and nothing was found. The parties stipulated that the bag

---

[1] Betsill was arrested after Graham, and Betsill and Graham were indicted jointly. Betsill was acquitted at trial.

found in the truck's console contained approximately 60 grams of marijuana and less than a gram of cocaine. The letters "TOM" were handwritten on the lottery ticket in which the cocaine was wrapped.

Graham argues that no evidence was presented that he had actual possession of the drugs because no contraband was found on his person and no evidence showed he had direct physical control of the contraband in the truck console. He contends that the State therefore was required to prove beyond a reasonable doubt that he was in constructive possession of the drugs, but that it showed only his spatial proximity to them, which was insufficient to support his conviction. We do not agree.

It is not required that the contraband be found on Graham's person to show actual possession. Only direct physical *control* is necessary. *Johnson v. State*, 194 Ga. App. 743, 745 (3) (391 SE2d 716) (1990). The drugs were found in a console immediately adjacent to the driver's seat. Hastings saw Graham drive the truck alone. No passengers were present, and the contraband was thus within Graham's sole control. The lottery ticket in which the cocaine was wrapped bore Graham's middle name. The record indicates that the jury asked whether it could consider this and that the judge instructed them that it was in evidence for their consideration.

Graham concedes that the State showed all this but argues that evidence was also presented to show equal access by Betsill. But the equal access rule applies only when the sole evidence of possession of contraband found in a vehicle is the defendant's ownership or possession of the vehicle. *Newman v. State*, 216 Ga. App. 73, 75 (453 SE2d 117) (1995). Here, other evidence was presented as well. Graham was observed driving into the rear lot of a commercial and industrial area after normal business hours. His demeanor, as well as his presence, aroused suspicion, and his middle name on the lottery ticket was apparently considered by the jury. The equal access rule, as it pertains to Graham, was therefore not applicable.

2. Graham also contends that the trial court's charge on equal access was incomplete and confusing because it was given only as to Betsill, as the owner of a vehicle, and not as to him, as the driver. This contention has no merit. Although Graham is correct that the equal access rule may sometimes apply to the driver of a vehicle, it is not applicable here because the jury was never charged on the presumption that Graham was in possession of the contraband because he was driving the truck. The equal access rule applies to overcome such a presumption, and where, as here, the jury is not charged as to such a presumption regarding the defendant, the equal access rule is not applicable. See *Johnson*, supra at 745 (3).

3. Graham also complains that the instruction to the jury contained an improper comment on the evidence in violation of OCGA

§ 17-8-57. We do not agree.

At the end of the court's charge on equal access as to Betsill, in which the court charged that ownership of an automobile permits an inference of possession of the vehicle and all its contents, the court charged the jury that if it found "that the automobile was used by others with a defendant, such evidence would not alone authorize a conviction but such a fact, *is* a fact, should be considered by you together with all the evidence in the case in passing upon the guilt or innocence of a defendant." (Emphasis supplied.) As we understand it, Graham argues that this portion of the charge implied that the truck had, in fact, been used concurrently by the defendant and another person and, that in context, it led the jury to believe that he and Betsill had been in the truck at the same time, furthering the inference that the equal access defense was available only to Betsill.

It is clear, however, that this was not a comment on the evidence. The context surrounding the word "is" makes it evident that the word meant was "if." The jury could not have been confused or misled by this slip of the tongue. "[A] mere verbal inaccuracy in a charge, which results from a palpable slip of the tongue, and clearly could not have misled or confused the jury is not reversible error." (Citation and punctuation omitted.) *Fruhling v. State*, 233 Ga. App. 544, 545 (5) (505 SE2d 47) (1998).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 11, 2000.

*Emmett J. Arnold IV*, for appellant.

*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.

