## S91A1306. HOWARD v. THE STATE.
(414 SE2d 198)

BENHAM, Justice.

Appellant was indicted for and convicted of the murder of Dexter Tinch and possession of a firearm during the commission of a felony.[1] He was sentenced to life imprisonment for the murder conviction, and a five-year consecutive sentence on the weapons conviction.

1. The State presented evidence that appellant shot the victim,

---

[1] A .38 caliber pistol was used to commit the homicide on February 7, 1990. Appellant turned himself in to police two days later and was indicted for murder on April 3. The trial took place on July 30, and appellant was sentenced on August 2. His motion for new trial, filed August 28 and amended by new counsel on March 26, 1991, was denied on March 29. The notice of appeal was filed April 10, and the appeal docketed July 8. Oral argument was heard on September 16.

dragged him approximately 60 feet, and then shot the victim again. The victim died of multiple gunshot wounds, one of which was inflicted while the pistol's muzzle was touching his body. The evidence was sufficient to authorize the jury to find appellant guilty beyond a reasonable doubt of malice murder and possession of a firearm during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61. LE2d 560) (1979).

2. Appellant maintains the trial court erred by excluding evidence that the victim had threatened to kill appellant, who asserted he shot the victim in self-defense. The record reflects that the trial court informed appellant's counsel that appellant could not testify that the victim had assaulted a friend of appellant the night before appellant shot the victim. At the time this case was tried, evidence of the victim's violent acts directed toward third parties was not admissible (*Lolley v. State*, 259 Ga. 605 (1) (385 SE2d 285) (1989)), and the trial court did not err in adhering to that evidentiary rule. *Faulkner v. State*, 261 Ga. 655 (411 SE2d 268) (1991). The trial court did not exclude evidence that the victim had threatened to kill appellant.

3. Appellant contends that he was deprived of due process of law when the investigating officer threw away the jacket worn by the victim, thereby depriving appellant of the opportunity to use the jacket to establish that appellant had shot the victim after the victim had fired a gun hidden in a jacket pocket at appellant. The officer testified that he had discarded the victim's clothing the day of the incident because it had been ripped into tatters by emergency personnel working to save the victim, and that he did not believe it would be necessary evidence to establish the victim's wounds. Two days later, appellant turned himself in to police and asserted that the victim had precipitated the homicide by firing a gun at appellant.

> In *California v. Trombetta*, 467 U. S. 479 (104 SC 2528, 81 LE2d 413) (1984), the United States Supreme Court set down certain standards for determining whether the destruction of physical evidence amounted to a constitutional violation. First, it must be shown that the evidence was not destroyed "in a calculated effort to circumvent the disclosure requirements established by *Brady v. Maryland* and its progeny." [Cit.] . . . Further, "whatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense. To meet this standard of constitutional materiality, evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by

other reasonably available means." . . . Here, as in *Trombetta*, there has been no showing of "official animus towards appellant or of a conscious effort to suppress exculpatory evidence." [Cit.] [*Albert v. State*, 180 Ga. App. 779 (3) (350 SE2d 490) (1986).]

We find no basis for reversal on this ground.

4. Appellant's objection to a hypothetical question posed to him by the State was not raised at trial and may not, therefore, be raised now. *Prince v. State*, 257 Ga. 84 (3) (355 SE2d 424) (1987).

5. While it was error to permit the investigating officer to testify, under the guise of explaining his conduct, to what witnesses to the crime related to him during his investigation (see *Teague v. State*, 252 Ga. 534 (1) (314 SE2d 910) (1984)), the error was harmless since the officer's testimony was cumulative of that of the witnesses, who had testified earlier in the trial and had given the same testimony as that given by the officer.

*Judgment affirmed. Clarke, C. J., Bell, Hunt, Fletcher, JJ., and Judge Byron E. Smith concur. Weltner, P. J., disqualified.*

DECIDED FEBRUARY 27, 1992 —
RECONSIDERATION DENIED MARCH 20, 1992.

*Crumbley & Crumbley, Wade M. Crumbley,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys, Michael J. Bowers, Attorney General, Mary H. Hines, Staff Attorney,* for appellee.