## S92A1355. NELSON v. THE STATE.
(426 SE2d 357)

SEARS-COLLINS, Justice.

The appellant was found guilty in Laurens County Superior Court of the malice murder of his wife, Patsy Mimbs Nelson, and theft by taking of the automobile the victim had been driving when she disappeared. The appellant received consecutive sentences of life imprisonment for murder and 20 years for theft by taking.[1] The appellant sets forth 20 enumerations of error on this appeal. We affirm.

1. In his first and thirteenth enumerations of error, the appellant contends that the evidence presented at trial was insufficient to prove that he killed the victim. The evidence authorized the jury to find the following facts: On February 16, 1989, the appellant severely beat his wife. The next day, the victim told co-workers that the appellant had beaten her while they were at a pond near their Laurens County home, and that she was afraid the appellant was going to kill her. That same day, the victim and her children moved out of the appellant's house, and into the home of the victim's friend, Carrie Pullen. The appellant refused to allow Pullen's husband to retrieve clothes and toys belonging to the victim and her children from the appellant's house. On February 24, 1989, the victim went to the appellant's house to pick up her and the children's belongings, having been told by the appellant that he would not be there and the door would be unlocked. She drove to the appellant's house in a car she had rented after leaving the appellant. The victim was never seen alive again. When the victim had not returned to Pullen's home by February 27, 1989, Pullen and the victim's ex-husband, Henry Mimbs, reported to authorities that the victim had been missing since February 24, 1989.

The appellant admits that on February 24, 1989, he drove the car which the victim had rented to the home of a friend, Jimmy Willis, and that he and Willis hid the car in a wooded area in nearby Johnson County. On February 25, 1989, the appellant borrowed a shovel from a neighbor, ostensibly to repair a hole in his driveway. The ap-

---

[1] The crimes were committed on February 24, 1989. The appellant was indicted by a Laurens County grand jury on October 23, 1989. He was tried August 5 through 10, 1991, and sentenced on August 29, 1991. The appellant filed a motion for new trial on September 17, 1991. The transcript was certified by the court reporter on December 6, 1991. The appellant's motion for new trial was amended on June 1, 1992, and denied on June 17, 1992. The appellant filed his notice of appeal on July 6, 1992, and the appeal was docketed in this court on August 5, 1992. The parties' oral arguments were heard by this court on October 13, 1992.

pellant returned the shovel the same day, without having done any work on the driveway. On February 26, 1989, the appellant and Willis went to where they had hidden the rental car and moved it to a nearby ravine. The appellant contended at trial that a man named "Billy" paid him to steal the car and hide it for insurance purposes.

On May 3, 1989, the victim's badly decomposed nude body was found in a shallow grave near where the appellant had initially abandoned the rental car. The victim's body was wrapped in a blanket belonging to the appellant that he generally kept in the trunk of one of his cars, both of which were at the appellant's house on the afternoon of February 24, 1989. Jewelry which the victim was wearing on the day she disappeared was found in a metal box under the appellant's bed. The charred remains of the victim's shoes and items the victim had carried in her purse were found in a burned trash pile just outside the door to the appellant's house. When considered in the light most favorable to the verdict, we find that the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the appellant is guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his first, ninth and fourteenth enumerations of error, the appellant contends that the evidence was insufficient to prove that venue was proper in Laurens County. OCGA § 17-2-2 provides, in part:

> (c) Criminal homicide. Criminal homicide shall be considered as having been committed in the county in which the cause of death was inflicted. If it cannot be determined in which county the cause of death was inflicted, it shall be considered that it was inflicted in the county in which the death occurred. If a dead body is discovered in this state and it cannot be readily determined in what county the cause of death was inflicted, it shall be considered that the cause of death was inflicted in the county in which the dead body was discovered.
> 
> . . .
> 
> (h) Crime in more than one county. If in *any case* it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it *might have been committed*. (Emphasis supplied.)

In *Felker v. State*, 252 Ga. 351 (314 SE2d 621) (1984), a murder case, it could not be conclusively determined where the cause of death was inflicted or where the death occurred, and the body of the murder victim was found in a different county from that in which the case

was tried. We held that because subsection (h) applies by its terms to "any case," use of subsection (h) to determine venue in a homicide case is not precluded. Id. at 367; see also *Jackson v. State*, 258 Ga. 810, 812 (375 SE2d 454) (1989). The evidence in this case is ample to allow the jury to find beyond a reasonable doubt that the murder *might* have been committed in Laurens County, and, therefore, was sufficient to support the jury's finding that venue was appropriate in Laurens County.

3. The appellant alleges several errors regarding the admissibility of evidence. In his fifth, sixth, seventh, and eighth enumerations, the appellant contends that certain evidence admitted at trial was inadmissible hearsay. With respect to the testimony of the investigating officer, "it was error to permit the . . . officer to testify, under the guise of explaining his conduct," *Howard v. State*, 262 Ga. 78, 80 (414 SE2d 198) (1992), to statements made to him by Pullen and Mimbs during the course of his investigation. See *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984). The error was harmless, however, because both Pullen and Mimbs testified during the course of the trial and their testimony was in accord with that of the officer. *Howard*, 262 Ga. at 80.

The appellant argues generally that testimony by Henry Mimbs and by Lawona Joiner, the victim's employer, about statements made by the victim, was inadmissible. Both Mimbs and Joiner testified that the victim told them on the afternoon of February 24, 1989, that she was going to the appellant's house to retrieve her belongings. In addition, Joiner testified that on February 17, 1989, after Joiner had observed bruises on the victim's face and body, that the victim told Joiner that the appellant had beaten her.

"There are two prerequisites for admission of hearsay because of necessity: '1) necessity; 2) particularized guarantees of trustworthiness.' " (Citations omitted.) *Mallory v. State*, 261 Ga. 625, 627 (409 SE2d 839) (1991). "The first prerequisite is met since the statements in question were made by the victim, who is now unavailable as a witness because she is deceased." Id. As to trustworthiness, at no time did the victim disavow her statement, and, most telling, the victim's statements are corroborated by the appellant himself. At trial, the appellant admitted that he hit the victim on February 16, 1989, and gave her a black eye, and the appellant admitted that he called the victim at work on February 24, 1989, and told her to come get her things that day, that he would not be there. Therefore, we hold that the evidence was admissible under the necessity exception to the hearsay rule. See *Higgs v. State*, 256 Ga. 606 (351 SE2d 448) (1987).

4. The appellant makes several enumerations of error regarding the court's charge to the jury. In enumerations of error fifteen and sixteen, the appellant contends that the court erred by failing to in-

struct the jury on the offenses of voluntary manslaughter and involuntary manslaughter. Jury instructions "should not be given unless authorized by the evidence." *Joiner v. State*, 163 Ga. App. 521, 523 (295 SE2d 219) (1982). There was no evidence at trial of serious provocation, OCGA § 16-5-2, or that the appellant caused the victim's death without any intention to do so, OCGA § 16-5-3. Therefore, the trial court did not err in refusing to charge on the offenses requested.

5. In enumeration number twelve, the appellant contends that the trial court erred in refusing to declare a mistrial after the state questioned the appellant during cross-examination about the failure of the defense to produce as a witness the person who allegedly paid the appellant to steal the rental car. "[T]he decision of whether to grant a mistrial is within the sound discretion of the trial court and his ruling will not be disturbed absent an abuse of discretion." *Buxton v. State*, 253 Ga. 137, 139 (3) (317 SE2d 538) (1984). Following a conference on the appellant's motion for mistrial, the trial court instructed the jury that the appellant had no burden to prove his innocence, and to disregard the prosecutor's questions. We find no abuse of discretion.

6. We find no reversible error in the appellant's remaining enumerations of error.

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Benham, Fletcher, Hunstein, JJ., and Judge Dewey Smith concur.*

DECIDED FEBRUARY 19, 1993.

*Nelson, Gillis & Smith, Stanley Smith,* for appellant.

*Ralph Walke, District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf, Assistant Attorney General,* for appellee.