A94A0254. YOUNG v. THE STATE.
(444 SE2d 598)

COOPER, Judge.

Defendant was convicted of two counts of burglary. He appeals from the entry of judgment on the convictions and sentence and the denial of his motion for new trial.

With regard to the first count, the record reveals that on August 30, 1992, David Grinstead discovered that his automobile repair shop at 3121 Broadway had been burglarized. Grinstead determined that several items were missing, including a light blue 1986 Oldsmobile Cutlass with a Houston County license plate. In a statement given to the police shortly after the robbery, Frederick Bolton, defendant's half-brother, stated that he saw defendant driving a blue Cutlass with a Houston County tag and that defendant told him he got the car from a repair shop on Broadway. Robert Watson, defendant's brother-in-law, also gave the police a statement. At the time of the trial, Watson had already pled guilty to the burglary of Grinstead's Garage. Watson told the police that he and defendant broke into the garage; that they took several items from the garage, including a blue car; that defendant found the car keys; that defendant drove the car from the garage; and that they kept the car for approximately three weeks. At trial, Watson testified that he committed the burglary alone and could not recall giving the police a statement. Defendant admitted driving a car for two days shortly after the burglary but stated that the car was not a blue Cutlass but was a grey Buick Skylark lent

to him by a friend.

As to the other burglary count, the record shows that on September 16, 1992, Carolyn Rivers discovered that her combination television and VCR had been stolen. She reported the stolen television to the police. Clarence Sallette testified that on September 16, 1992, defendant came to his house and asked if he could come in and plug in a VCR/TV to see if it worked. Sallette turned away from defendant momentarily. When he returned, defendant was gone, but the television remained. After a few minutes, defendant came back, running, sweating and out of breath. Sallette stated that he then realized what was going on, and he told defendant to get the box and get out of the house. Defendant left the house but left the television behind Sallette's house.

On the same afternoon, two detectives, who were investigating the Grinstead burglary, spotted defendant riding in the back of a pickup truck. When the truck stopped at a stop sign, the officers pulled behind the truck. One of the detectives called out defendant's name, and defendant fled. The other detective chased defendant but did not catch him. The driver of the truck was questioned and directed the police to Sallette's residence where the television was recovered. The police subsequently called Rivers, and she identified the recovered TV/VCR as her stolen property.

1. Defendant contends the evidence was insufficient to support his conviction of the burglary of Grinstead's Garage because the testimony of Watson and Bolton is the only evidence which connects him to the burglary and the State failed to sufficiently corroborate accomplice Watson's testimony and Bolton's testimony alone could not support a burglary conviction.

"In Georgia, a defendant may not be convicted on the uncorroborated testimony of an accomplice. OCGA § 24-4-8. The corroboration must be independent of the accomplice's testimony and it must connect the defendant to the crime or lead to the inference that he is guilty. However, the corroborating evidence need not of itself be sufficient to warrant a conviction of the crime charged. Slight evidence from an extraneous source identifying the accused as a participant in the criminal act is sufficient corroboration of the accomplice to support a verdict." (Citations and punctuation omitted.) *Lowe v. State*, 208 Ga. App. 49, 51 (1) (430 SE2d 169) (1993). "Recent unexplained possession is probative evidence which must be reviewed along with other evidence in the case to determine whether any rational trier of fact could find the defendant guilty beyond a reasonable doubt. [Cit.]" *Slater v. State*, 209 Ga. App. 723, 724 (1) (434 SE2d 547) (1993). Even if Bolton's testimony regarding defendant's recent possession of the stolen car was insufficient to support a conviction for burglary alone, it was sufficient corroboration of Watson's testimony.

See *Castell v. State*, 250 Ga. 776, 780 (1c) (301 SE2d 234) (1983); *Reaves v. State*, 242 Ga. 542, 543 (1) (250 SE2d 376) (1978). Bolton's testimony connected defendant to the crime and led to the inference that defendant was guilty. Accordingly, we find that the evidence, viewed in a light favorable to the verdict, was sufficient to authorize a rational trier of fact to find defendant guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Martin v. State*, 209 Ga. App. 720 (434 SE2d 534) (1993).

2. Defendant also enumerates as error the insufficiency of the evidence to support his conviction of the burglary of Carolyn Rivers' house. However, in his appellate brief, defendant sets forth the evidence which, in fact, supports his conviction, and quite curiously, defendant appears to concede that the evidence was sufficient. Nonetheless, having reviewed the evidence in its entirety in a light to support the verdict, we find that the evidence was sufficient to support a conviction of burglary beyond a reasonable doubt. *Jackson v. Virginia*, supra.

3. Appellant enumerates as error ineffective assistance of counsel at trial. However, again, defendant's appellate argument would seem to undercut the enumeration of error. In his brief, defendant states as follows: "Upon examination of the record and research, there appears to be no single error or collection of errors in trial counsel's performance which would meet the 'but for' standard enunciated in *Strickland v. Washington*, 466 U. S. 668 [(104 SC 2052, 80 LE2d 674)] (1984). The strongest evidence of trial counsel's effectiveness was the jury's acquittal of Appellant on Count Two. Trial counsel's performance fell 'within the wide range of reasonable professional assistance' required by *Spencer v. State*, 260 Ga. 640 [(398 SE2d 179)] (1990)." With this argument, we do not disagree. Thus, this enumeration is without merit.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 24, 1994.

*L. Elizabeth Lane*, for appellant.
*Charles H. Weston, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.