## A99A0317, A99A0318. GOODMAN v. THE STATE (two cases).
### (516 SE2d 824)

RUFFIN, Judge.

A Spalding County jury convicted Tony Goodman of aggravated assault, possession of cocaine with intent to distribute, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime. Although his convictions arose from the same trial, Goodman filed two separate appeals.[1] In both appeals, Goodman contends the evidence was insufficient to support his convictions for aggravated assault and possession of cocaine with intent to distribute. We affirm.

Viewed in the light most favorable to support the verdicts, the evidence reveals that at about 1:00 a.m. on July 1, 1995, Tony Goodman and his brother Steve left Steve's hotel room at the Scottish Inn, where the two had spent the evening drinking, and drove back to Tony's house. As they neared the house, Tony immediately began cursing at his girlfriend, Jackie Johnson, who was sitting on the front porch. At the time, Jackie was living with Tony.

Tony, who uses a wheelchair, needed help getting out of his Cadillac. As Steve helped Tony transfer into his wheelchair, he saw Tony retrieve a 9mm pistol from the glove box, put it on the seat of his wheelchair, and sit on top of it. Steve then wheeled Tony to the front porch as the argument between Tony and Jackie became more heated. When Tony reached the porch, Jackie hit him with a folding lounge chair. Tony then fired his pistol at Jackie, but missed. Jackie ran inside the house, locked the door, and called 911. Steve, at Tony's request, kicked the door open so that Tony could wheel himself in after Jackie. Tony followed Jackie to the bedroom, pulled the phone from the wall, lunged out of his wheelchair at Jackie, and began beating her with the pistol. After watching the fight for a minute, Steve took the gun from Tony and placed it in another room just moments before the police arrived.

The responding officers found Tony and Jackie on the floor, wedged between the bed and the bedroom wall, fighting. The officers testified that Jackie was cut and bruised and her blood was splattered on the wall and floor. Steve showed the officers the pistol. The pistol, which had a spent cartridge jammed in the chamber, smelled of freshly ignited gun powder. An upset and angry Jackie told the officers that Tony was a drug dealer and showed the officers where he had stashed his cocaine. The officers found a brown paper bag containing 22 pieces of what tested positive for crack cocaine concealed

---

[1] Goodman apparently believed separate appeals were necessary because the offenses for which he was convicted were charged in separate indictments. However, because the appeals arise from the same trial and enumerate the same errors, we consolidate them.

behind a water heater located near the bedroom.

Jackie testified that Tony threw the drugs behind the water heater during the assault because he knew she had called 911 and that the police were coming. Steve testified that the drugs were not his, that Tony sold drugs, and that the house belonged to Tony. In a later search of the residence, police found five more pieces of crack cocaine and paraphernalia for cutting and packaging cocaine hidden in a paint roller behind a space heater. However, the police found no device for using the cocaine.

Tony, testifying in his defense, claimed he did not know where the drugs came from and that neither he nor Jackie sold drugs. He theorized that Steve and Jackie were having an affair and that they planted the gun and cocaine on him in an elaborate scheme to frame him.

When reviewing a conviction, we determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979). We determine only the sufficiency of the evidence under this standard and not the weight of the evidence or the credibility of the witnesses. As long as some competent evidence exists, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. See *Howard v. State*, 227 Ga. App. 5, 8 (6) (a) (488 SE2d 489) (1997).

"[I]ntentionally firing a gun at another, absent justification, is sufficient in and of itself to support a conviction of aggravated assault" under OCGA § 16-5-21 (a) (2). *Steele v. State*, 196 Ga. App. 330, 331 (2) (396 SE2d 4) (1990). Both Jackie and Steve testified that Tony fired his pistol at Jackie, who fled inside the house to call for help. Further, an officer gave testimony from which the jury could infer the pistol had been recently fired. This evidence is sufficient under *Jackson v. Virginia*, supra, to support the jury's finding beyond a reasonable doubt that Tony committed the offense of aggravated assault. Id.; see also *Cheney v. State*, 233 Ga. App. 66, 70 (2) (503 SE2d 327) (1998).

Tony also argues the evidence was insufficient to support his conviction for possession of cocaine with the intent to distribute because Jackie and Steve both had access to the contraband. We disagree. This Court has consistently held that merely finding contraband on premises occupied by a defendant is insufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. *Williams v. State*, 207 Ga. App. 782, 784 (4) (429 SE2d 153) (1993). However, "where there is evidence other than a defendant's own

equal access connecting an accused to contraband, as here, it is for the jury to determine guilt or innocence." *Smith v. State*, 235 Ga. App. 223, 226 (510 SE2d 295) (1998). In this case, Jackie testified that the cocaine was Tony's and that she saw him hide it behind the water heater. Steve and Jackie both denied owning the cocaine and testified that Tony sold drugs from the house. This testimony constituted evidence of Tony's possession of the cocaine other than his own equal access to it. Id.; *Bell v. State*, 198 Ga. App. 874, 875 (1) (403 SE2d 864) (1991). Although Jackie's and Steve's testimony on this point was somewhat contradicted, their credibility and the weight to be afforded their testimony were for the jury to determine. *Cooley v. State*, 201 Ga. App. 171 (1) (410 SE2d 453) (1991).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED APRIL 28, 1999 — 

*Johnny B. Mostiler*, for appellant.
*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.