A00A0405. CARLISLE v. THE STATE.
(529 SE2d 385)

McMURRAY, Presiding Judge.

Following a pretrial hearing in which the superior court accepted defendant's plea of nolo contendere to Count 2, the offense of possession of marijuana, of a two-count accusation, a jury convicted defendant of Count 1, possession of cocaine. The superior court denied her motion for new trial, as amended. Defendant now appeals, contending that: (a) the evidence was insufficient to support her conviction of possession of cocaine; and (b) the superior court erred in admitting hearsay in evidence by allowing the investigating officers in the case sub judice to testify that they initiated their investigation on the basis of an anonymous tip alleging drug activity in defendant's home. *Held*:

1. We first consider the sufficiency of the evidence to support defendant's conviction of possession of cocaine.

---

Ga. App. 433, 436 (3) (506 SE2d 917) (1998).
  [11] See id. at 436-437 (3).
  [12] *Samples v. State*, 234 Ga. App. 8, 10 (1) (b) (505 SE2d 813) (1998).
  [13] See id. at 11.

The evidence shows that Investigators J. D. Parish and D. A. Borgen went to defendant's residence to investigate an anonymous complaint of drug activity therein. After the investigators identified themselves, defendant consented to a search of the premises for narcotics, telling Investigators Parish and Borgen, "I have nothing to hide, go ahead." While Investigator Borgen watched defendant's teenage daughter in the living room, Investigator Parish and the defendant proceeded to defendant's bedroom. Once there, defendant walked to a position in front of her nightstand as Investigator Parish began his search with an ashtray located on a dresser on the opposite side of the room. Therein, Investigator Parish found the residue of a marijuana cigarette in plain view. Defendant acknowledged knowing the marijuana cigarette was in the ashtray when Investigator Parish asked what it was by exclaiming, "Oh no, I forgot that was there." As she did so, Investigator Parish noticed she appeared to fidget and fumble in front of the nightstand from which she had not moved since coming into the room. When the defendant bent down to pick up a pair of pants, Investigator Parish also noticed a pack of rolling papers on the nightstand. Investigator Parish went to the nightstand, picked up the rolling papers, and found a plastic baggy containing a substance later determined to be cocaine. At trial, Investigator Parish pertinently testified that defendant's bedroom and nightstand had been neat during his search thereof. The defendant denied any knowledge of the cocaine found in her bedroom. Further, while she testified that her daughter did not "frequent" her bedroom, she stated that a distant cousin whom she described as an "obnoxious, mean, evil man," had been in her bedroom the evening it was searched. On cross-examination, she charged that her cousin left the cocaine in her bedroom because he was upset that she "put him out" when he had earlier been a house guest.

Although "[t]he head of household presumption of possession of contraband found therein is no longer a viable presumption in this state[,]" *Ramsay v. State*, 175 Ga. App. 97, 100 (7) (332 SE2d 390), there was circumstantial evidence upon which the jury might reasonably have concluded that the defendant was in sole constructive possession of the cocaine found on her nightstand. See *Anderson v. State*, 166 Ga. App. 459, 460 (3) (304 SE2d 550) (sole constructive possession of a thing obtains when, though not having actual possession thereof, one has power and intention at a given time to exercise dominion and control over it). In particular, there was evidence from which the jury could have reasonably inferred that defendant had cleaned up her bedroom, hidden the cocaine but forgotten to hide the residue of a marijuana cigarette, and nervously persisted in hiding the cocaine as her bedroom was searched. The jury was properly charged on burden of proof, reasonable doubt, parties to a crime, pos-

session (sole and joint, actual and constructive), and equal access. Under these circumstances, the evidence was sufficient to connect the defendant to the possession of the cocaine though the evidence would have authorized the jury to find that others had equal access to it. *Ramsay v. State*, 175 Ga. App. at 99-100 (7), supra. With respect to the defense of equal access,

> [i]t is general law in this state that "[m]erely finding contraband on premises occupied by defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. [Cit.] Presence at the scene of a crime and nothing more will not support a conviction. [Cit.]" *Blankenship v. State*, 135 Ga. App. 482, 483 (218 SE2d 157). Whether the evidence of equal access is sufficient to rebut any inference of possession arising from discovery of drugs in the defendant's bedroom, and other places of the house, is a question properly left to the jury. *Gumina v. State*, 166 Ga. App. 592, 593 (305 SE2d 37).

Id. at 99 (7). We conclude that the evidence viewed in the light most favorable to the verdict was sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the offense of possession of cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Ramsay v. State*, 175 Ga. App. at 99-100 (7), supra.

2. As to defendant's remaining claim of error, we conclude that the trial court erred in admitting the testimony of Investigators Parish and Borgen explaining that they had gone to defendant's home to investigate an anonymous complaint of drug activity.

> [U]nless it is the rare instance in which the conduct of an investigating officer is a matter concerning which the truth must be found, it is error to permit an investigating officer to testify, under the guise of explaining the officer's conduct, to what other persons related to the officer [did] during the investigation. *Render v. State*, 267 Ga. 848 (2) (483 SE2d 570) (1997); *Cowards v. State*, 266 Ga. 191 (3) (a) (465 SE2d 677) (1996); *Morris v. State*, 264 Ga. 823 (2) (452 SE2d 100) (1995); *Nelson v. State*, 262 Ga. 763 (3) (426 SE2d 357) (1993); *Howard v. State*, 262 Ga. 78 (5) (414 SE2d 198) (1992). The case before us is not one of the "rare instances" where the conduct of the investigating officer was a relevant issue. Compare *Greene v. State*, 266 Ga. 439 (25) (469 SE2d 129) (1996). Nor does police conduct become an issue in need

of explanation by means of hearsay testimony in a case where an appellate court suggests that the jury may find police behavior so inexplicable as to cast doubt on the prosecution (*Ross v. State*, 210 Ga. App. 455 (1) (436 SE2d 496) (1993)), or where a confidential informant has provided information which initiates an investigation. *Copeland v. State*, 228 Ga. App. 734 (2) (492 SE2d 723) (1997).

(Footnote omitted.) *Weems v. State*, 269 Ga. 577-579 (2) (501 SE2d 806). While it was error to admit the investigators' testimony regarding the anonymous complaint which brought them to defendant's residence, such error may be deemed harmless for improbable impact on the verdict in view of defendant's consent to the investigators' search, direct evidence of defendant's possession of marijuana, and strong circumstantial evidence showing she was in possession of cocaine.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 4, 2000.

*Stepp & Randazzo, Glynn R. Stepp*, for appellant.
*Daniel J. Porter, District Attorney, Donald P. Geary, Assistant District Attorney*, for appellee.