## A00A1120. SEARS v. THE STATE.
(536 SE2d 605)

BLACKBURN, Presiding Judge.

Wilma Hart Sears appeals her convictions of trafficking in cocaine and possession of more than one ounce of marijuana. Sears contends that the evidence was insufficient to support her convictions because other people had access to her house and shed where the drugs were found.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Sears] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Barber v. State*, 235 Ga. App. 170 (509 SE2d 93) (1998). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewing the evidence, it reveals that, after receiving a tip from a concerned citizen, several officers went to Sears' residence. Sears informed the officers that only she and her nine-year-old son occupied the residence and that only she and her daughter had keys to the residence. The officers informed Sears that they had reason to believe drugs were being stored in her house and shed in the backyard. Although she appeared to be nervous, Sears agreed to allow the officers to search the house and shed. The officers found over 800 grams of marijuana in a suitcase and a camcorder bag found in the shed. They also found over 800 grams of marijuana and over 2,000 grams of cocaine in a tote bag under Sears' bed in the house. Sears testified that she had agreed to store some suitcases in her utility shed for her son-in-law, Michael Diggs.

Sears contends that the evidence was insufficient to support her convictions because others had equal access to the house and shed.

> The equal access defense is based on the rule that merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. For the equal access rule to rebut the inference of defendant's possession of contraband, affirmative evidence must be presented that a person other than the defendant had equal access to the premises where the contraband was found.

(Citations, punctuation and emphasis omitted.) *Nelson v. State*, 199 Ga. App. 487, 488 (1) (405 SE2d 310) (1991). . . . Whether the evidence presented is sufficient to rebut the evidence of equal access is an issue for the jury. (Cit.) *Garvey v. State*, 176 Ga. App. 268, 275 (6) (335 SE2d 640) (1985).

(Punctuation omitted.) *Andrews v. State*, 219 Ga. App. 808, 809 (1) (466 SE2d 909) (1996).

In the present case, it was undisputed that Sears and her nine-year-old son were the only occupants of the home, raising a rebuttable presumption that the drugs belonged to Sears. Sears' daughter and son-in-law were the only other people who had access to the house and shed. A jury could have found from the evidence presented that neither Sears' daughter nor her son-in-law had an opportunity equal to Sears to place the contraband in the area where it was found. Additionally, we note that possession may be joint or exclusive. See *Andrews*, supra. The evidence is sufficient to authorize a rational trier of fact to find Sears guilty beyond a reasonable doubt of trafficking in cocaine and possession of more than one ounce of marijuana. See *Jackson*, supra.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED JUNE 29, 2000.

*Patrick C. Kaufman*, for appellant.
*Stephen D. Kelley, District Attorney, Charles K. Higgins, Assistant District Attorney*, for appellee.