## S01A0668. COOK v. THE STATE.
### (546 SE2d 487)

CARLEY, Justice.

A jury found Larry Middleton Cook guilty of malice murder, concealing the death of another, tampering with evidence, and making a false statement to a law enforcement officer. The trial court entered judgments of conviction and sentenced Cook to life imprisonment on the malice murder count and to consecutive terms of years on the remaining counts. The trial court denied Cook's motion for new trial, and he appeals.[1]

1. Construed so as to support the verdict, the evidence shows that Cook, along with the victim, Ms. Jennifer Conklin, and Gibby Patrick, went riding in Cook's vehicle while drinking alcohol, and that the victim passed out for a time. Eventually, Cook dropped Patrick off and drove to an isolated area. According to the testimony of Cook's former cellmate, Timothy Powell, Cook stated that the victim passed out again and that he then engaged in anal intercourse with her. When she awoke and screamed, he grabbed her by the mouth while he continued to sexually assault her. Realizing that he had smothered her and believing that she was dead, Cook placed her body in some woods in Coweta County and later returned to bury her.

---

[1] The crimes occurred on October 10, 1995. The Coweta County grand jury returned its indictment on January 6, 1997. The jury found Cook guilty on December 10, 1997 and, on the same day, the trial court entered the judgments of conviction and sentences. Cook filed a motion for new trial on January 7, 1998 and amended it on August 8, 2000. The trial court denied that motion on September 7, 2000, and Cook filed a notice of appeal on September 18, 2000. The case was docketed in this Court on January 26, 2001 and orally argued on April 16, 2001.

Cook contends that Powell's testimony indicates only that the victim's death was accidental and not malicious or intentional. In order to prove a defendant's guilt of malice murder, however, the State is not required to show that he had the specific intent to kill or "acted with 'the deliberate intention unlawfully to take the life of another human being which is manifested by external circumstances capable of proof. . . .'" *Parker v. State*, 270 Ga. 256, 259 (4) (507 SE2d 744) (1998). It is sufficient for the State to show "implied malice," which is defined as conduct exhibiting a "reckless disregard for human life." *Parker v. State*, supra at 260 (4). Evidence that Cook intentionally kept the victim's mouth covered to prevent her continued screaming during the sexual assault does not support the theory of accident even if he did not intend to kill her. See *Brooks v. State*, 262 Ga. 187, 188 (3) (415 SE2d 903) (1992). Moreover, the jury was not required to believe Cook's statement that the death itself "was accidental, if his explanation was inconsistent with the State's evidence to the contrary. [Cit.]" *Stowe v. State*, 272 Ga. 866-867 (1) (536 SE2d 506) (2000). Cook's claim of accident is contrary to the prosecution's evidence showing that he gave several conflicting statements, admitted burying the body near his home, and even mouthed the words "you're dead" while pointing at Powell on the witness stand. See *Bellamy v. State*, 272 Ga. 157, 158 (1) (527 SE2d 867) (2000). A rational trier of fact could have found beyond a reasonable doubt that Cook was guilty of malice murder, as well as the other crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Brooks v. State*, supra at 188 (1).

2. Cook urges that the trial court erred in denying his motion for a change of venue to Fulton County and his motion for directed verdict, and further erred in charging the venue provisions set forth in OCGA § 17-2-2.

> If a dead body is discovered in this state and it cannot be readily determined in what county the cause of death was inflicted, it shall be considered that the cause of death was inflicted in the county in which the dead body was discovered.

OCGA § 17-2-2 (c). It is undisputed that the victim's body was found in Coweta County about two miles from Cook's home. Furthermore, the victim was last seen alive in Coweta County. The only evidence that venue was proper elsewhere was Powell's testimony that Cook stated that he took the victim back to the area where they had previously been, which was in Fulton County near the Coweta County line. However, Cook gave several statements, which varied in content, during the six months from the disappearance of the victim to

the discovery of her body. The statements contained serious inconsistencies regarding the time and location of the victim's death and his part therein. All issues concerning the weight and credit to be given the evidence concerning these statements were for the jury, which was authorized to reject those portions of Cook's statements which indicated that the homicide occurred in Fulton County. *Campbell v. State*, 223 Ga. App. 484-485 (1) (477 SE2d 905) (1996). Therefore, the jury could have found, pursuant to OCGA § 17-2-2 (c), that the county in which the cause of death was inflicted could not be "readily determined" and that venue was appropriate in Coweta County where the body was found. *Kidwell v. State*, 264 Ga. 427, 431 (9) (444 SE2d 789) (1994). See also *Aldridge v. State*, 236 Ga. 773, 774 (1) (225 SE2d 421) (1976). In the alternative, the jury was authorized to find, pursuant to OCGA § 17-2-2 (h), that it could not determine in which county the homicide was committed and that the proper venue was Coweta County because the evidence showed beyond a reasonable doubt that that crime "might have been committed" in that county. *Nelson v. State*, 262 Ga. 763, 764 (2) (426 SE2d 357) (1993); *Felker v. State*, 252 Ga. 351, 367-368 (2) (b), (c) (314 SE2d 621) (1984). Accordingly, the trial court did not err either in denying the motions for change of venue and for directed verdict or in charging on the provisions of OCGA § 17-2-2.

3. Cook enumerates as error the ineffective assistance of his trial attorney. However, he admits that trial counsel is an accomplished criminal defense attorney and, in his own brief, Cook acknowledges that each alleged instance of ineffectiveness was either without a factual basis, attributable to a reasonable trial strategy, or did not prejudice his defense. *Young v. State*, 213 Ga. App. 278, 280 (3) (444 SE2d 598) (1994). See also *Hooper v. State*, 223 Ga. App. 515, 518 (5) (478 SE2d 606) (1996). "Thus, it is not necessary to address specifically and individually every instance of alleged ineffective assistance." *Thomas v. State*, 268 Ga. 135, 140 (12) (485 SE2d 783) (1997). See also *Welch v. State*, 243 Ga. App. 798, 800 (2) (534 SE2d 471) (2000). Our own independent review of Cook's allegations confirm that they are without merit. *Welch v. State*, supra at 800 (2).

*Judgments affirmed. All the Justices concur, except Hunstein, J., who concurs in Divisions 2 and 3 and in the judgment.*

DECIDED MAY 7, 2001.

*Steven E. Fanning*, for appellant.
*Peter J. Skandalakis, District Attorney, Raymond C. Mayer, Assistant District Attorney, Thurbert E. Baker, Attorney General,*

*Paula K. Smith, Senior Assistant Attorney General, Ruth M. Bebko, Assistant Attorney General,* for appellee.