S01A1346. MITCHELL v. THE STATE.
(560 SE2d 8)

BENHAM, Justice.

A jury found appellant Sekou Mitchell guilty of malice murder, possession of a firearm during the commission of an offense, and concealing the death of another in connection with the shooting death of appellant's stepfather, Jay Cee Ellis. The jury also found appellant guilty of intimidating a witness and of having committed a battery against his girlfriend. Mitchell appeals, contending the evidence presented by the State was not sufficient to authorize his convictions and complaining that testimony given by two accomplices was not

---

[6] See OCGA § 19-8-12 for rights of the biological father.
[7] Such findings in *Cowdell v. Doe* are disapproved.

sufficiently corroborated.[1]

The State presented evidence that a masked gunman who had been hidden in the victim's van shot the victim in his van in his driveway as he prepared to drive his eight-year-old daughter to school. After shooting the victim, the gunman told the young girl to get out of the van, and the gunman drove away in the van with the victim. Several hours after the shooting, the van and the victim's body were found at a local motel. After exiting the van, the child ran to a neighbor's home to report what had happened and, according to the neighbor, told the neighbor the gunman sounded like her brother, appellant. At trial, however, the child denied having made such a statement. An autopsy of the victim revealed he had been shot twice behind his right ear. A forensic microanalyst testified that the bullets retrieved from the victim's body were consistent with having been fired from a .38-caliber handgun revolver or a .357 magnum. A friend of appellant testified that appellant borrowed his .38-caliber gun one or two weeks before the crime, and asked him to help him kill the victim. The witness stated appellant was annoyed by reports of the victim's extramarital affairs and had mentioned the existence of a life insurance policy on the victim. On the day the victim was killed, appellant told the witness the victim was dead and appellant had handled his business and left no fingerprints.

A co-worker of the victim testified the victim had told him he did not want appellant in the family home and he was thinking about changing his life insurance beneficiary, currently appellant's mother. The mother of appellant's children testified appellant had told her something was going to happen to the victim and appellant was going to take out insurance policies on the lives of the victim and appellant's mother. Appellant's girlfriend testified appellant planned to kill the victim because he believed the victim was going to leave appellant's mother and appellant wanted his mother to get the proceeds from insurance policies on the victim's life. The girlfriend testified appellant got a .38-caliber revolver from a friend and required her to drive him to the victim's home in the early morning hours the

---

[1] The crimes connected with the homicide occurred on December 10, 1997, and the witness intimidation and battery were alleged to have taken place on February 11, 1998, the day appellant was arrested. The grand jury returned an eight-count indictment against him on April 22, 1998, and his trial took place November 16-20, 1998. On December 17, 1998, he was sentenced to life imprisonment for malice murder, five years' imprisonment for possession of a firearm during the commission of the crime, ten years for concealing the victim's death, five years for witness intimidation, and one year for battery, with each term of years to be served consecutively to each other and to the life imprisonment sentence. A timely motion for new trial was filed on January 15, 1999, and amended on April 20, 2001. The amended motion was denied on April 20, 2001, and a timely notice of appeal was filed on May 17, 2001. The case was docketed in this Court on June 8, 2001, and submitted for decision on the briefs.

day the victim was killed. Appellant returned to her home later that day, told her "It's done," removed his bloodied clothing, and ordered her to wash them. He threatened bodily harm to her and her children if she ever had him arrested. Two months later, appellant struck his girlfriend in the head with a wooden handle, causing a wound that required stitches. Appellant was arrested for that assault and, four days later, the girlfriend admitted to police appellant's role in the death of his stepfather.

1. The evidence was sufficient to authorize the jury to find appellant guilty beyond a reasonable doubt of malice murder, possession of a firearm during the commission of a crime, witness intimidation, and the battery of his girlfriend. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). There was sufficient evidence to authorize the conviction for concealing the death of another since appellant's removal of the victim's body from the scene of the shooting prevented others from finding the victim and thereby hindered the discovery of whether the victim was unlawfully killed. OCGA § 16-10-31; *Cook v. State*, 273 Ga. 828 (1) (546 SE2d 487) (2001); *Crawford v. State*, 267 Ga. 881 (485 SE2d 461) (1997); *Wilson v. State*, 257 Ga. 444 (359 SE2d 891) (1987). Contrary to appellant's assertion that his girlfriend's admission she lied to police in the initial stages of their investigation renders the evidence insufficient, her admission was a factor for the jury in its assessment of witness credibility, and not for this Court on appeal. *Givens v. State*, 273 Ga. 818 (1) (546 SE2d 509) (2001).

2. Appellant maintains that his convictions must be reversed because his girlfriend and the friend who provided him with the gun were unindicted accomplices whose testimony was not corroborated. OCGA § 24-4-8 provides that in "felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient [to establish a fact]. Nevertheless, corroborating circumstances may dispense with the necessity for the testimony of a second witness. . . ."

We address first the testimony of appellant's friend who provided appellant with a .38-caliber gun. Assuming arguendo he was an accomplice, his testimony regarding the gun was corroborated by the testimony of appellant's girlfriend that appellant got the gun from the friend. Assuming arguendo that appellant's girlfriend was an accomplice, "[w]here . . . more than one accomplice testifies at trial, the testimony of one accomplice may be corroborated by the testimony of the others." *Hanifa v. State*, 269 Ga. 797 (7) (505 SE2d 731) (1998).

We address next the testimony of appellant's girlfriend. Where a witness testifies, as did appellant's girlfriend, that the witness aided the commission of a crime but that the aid was given because of duress or coercion, it is for the factfinder to determine whether the

witness is an accomplice. *Jones v. State*, 268 Ga. 12 (1) (483 SE2d 871) (1997). In the case at bar, there was evidence from which the jury could conclude that appellant's girlfriend had aided appellant because of his threats against the lives of her and her children, and the jury's return of a guilty verdict on the witness intimidation charge established as fact that the jury believed the girlfriend's testimony concerning the effect the threats had upon her. In this way, the jury determined the girlfriend was not an accomplice; consequently, it is unnecessary to consider whether there was sufficient corroboration of her testimony. Id. Accordingly, appellant's enumeration of error is without merit.

*Judgment affirmed. All the Justices concur, except Fletcher, C. J., who concurs specially.*

FLETCHER, Chief Justice, concurring specially.

I cannot concur with division two's conclusion that the jury's guilty verdict on witness intimidation establishes as a fact that the girlfriend was not an accomplice. Nevertheless, assuming the girlfriend was an accomplice, the record provides ample corroborating evidence of her testimony, including testimony from appellant's sister, the neighbor who spoke with the sister immediately following the murder, and the firearm expert. Therefore, I concur in the affirmance of the convictions.

DECIDED FEBRUARY 11, 2002.

*Christopher S. Warren*, for appellant.

*Kenneth B. Hodges III, District Attorney, Gregory W. Edwards, Troy E. Golden, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.