## A02A1496. BROOKINS v. THE STATE.
(570 SE2d 72)

JOHNSON, Presiding Judge.

Clarence Brookins appeals after being convicted of possession of cocaine and possession of marijuana. He contends the evidence was insufficient to support the convictions because there was evidence that others had equal access to his residence, where the drugs were found. Because the evidence was sufficient, we affirm Brookins' convictions.

When reviewing a conviction, we determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the

---

crimes beyond a reasonable doubt.[1] We determine only the sufficiency of the evidence and not the weight of the evidence or the credibility of the witnesses.[2] As long as some competent evidence exists to support each fact necessary to make out the state's case, the jury's verdict will be upheld.[3]

Viewed in a light most favorable to support the verdict, the evidence shows that police obtained a warrant to search Brookins' house for drugs and related contraband. Brookins lived alone and was at work on the day the warrant was to be executed. He had several large dogs inside his residence, and, rather than enter the home without him, officers followed Brookins home from work, greeted him outside his home, and had him enter the house with them so they could execute the warrant.

Once inside, officers found on the nightstand in Brookins' bedroom a medicine bottle bearing a prescription label with Brookins' name and address. The bottle contained five large rocks of crack cocaine. A plastic bag containing marijuana was also on the nightstand. Officers found a utility bill showing Brookins' name and the address of the premises being searched. They also found various drug-related paraphernalia, including rolling papers, razor blades (typically used for cutting crack cocaine), cash, and a ledger book showing individual's names and dollar amounts.

Brookins claims that the evidence does not support the verdict because there was evidence that others had equal access to the premises. Brookins points to the officer's testimony that when he applied for the warrant, he told the magistrate that he expected other people to be in the house during the search (contrary to his testimony at trial that he did not expect anyone to be at Brookins' home at that time). Brookins also relies on evidence that he had been at work all day before the search took place, rather than at home, and that no drugs were found on his person. His arguments present no basis for reversal.

The equal access defense is based on the rule that merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction *if it affirmatively appears from the evidence* that persons other than the defendant had an equal opportunity to commit the crime.[4] In this case, it was undisputed that Brookins lived on the premises alone and that, other than law enforcement officers, he was the only person present when the drugs were found. And, the officer explained that the reason he told the magistrate he expected

---

[1] *Goodman v. State*, 237 Ga. App. 795, 796 (516 SE2d 824) (1999).
[2] Id.
[3] Id.
[4] *Sears v. State*, 244 Ga. App. 718-719 (536 SE2d 605) (2000).

others to be present at the home was that police had information that Brookins was selling drugs from his residence, and that sometimes his customers were there. Thus, it did not affirmatively appear from the evidence that anyone had an opportunity equal to Brookins to commit the crimes.[5]

Moreover, even if there had been affirmative evidence of equal opportunity, whether the evidence presented was sufficient to rebut the evidence of equal access was an issue for the jury.[6] A jury could have found from the evidence presented that no one had an opportunity equal to Brookins to place the contraband in the area where it was found.[7] The evidence is sufficient to authorize a rational trier of fact to find Brookins guilty beyond a reasonable doubt of possession of cocaine and possession of marijuana.[8]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED AUGUST 7, 2002.

*James D. Crowe*, for appellant.

*Kenneth W. Mauldin, District Attorney, Daniel F. Piar, Assistant District Attorney*, for appellee.

---

[5] See *Turner v. State*, 247 Ga. App. 775, 776 (1) (544 SE2d 765) (2001); *Gurr v. State*, 238 Ga. App. 1-2 (1) (a) (516 SE2d 553) (1999).

[6] *Sears*, supra.

[7] See id.

[8] See id.; *Carlisle v. State*, 242 Ga. App. 253, 255 (1) (529 SE2d 385) (2000).