## S03A0891. JACKSON v. THE STATE.
### (581 SE2d 34)

HUNSTEIN, Justice.

Timothy Jackson was sentenced to life imprisonment plus a consecutive five-year sentence for the murder of Chandra Terrell.[1] He appeals from the denial of his motion for new trial, asserting only the general grounds. We affirm.

The jury was authorized to find that shortly after Chandra Terrell placed a 911 call from a phone booth at the corner of Simpson

---

[1] The homicide occurred on March 27, 1997. Jackson was indicted October 9, 1998 in Fulton County on charges of murder, felony murder, aggravated assault and possession of a firearm during the commission of a felony. Jackson was found guilty of all charges. The trial court vacated the felony murder and aggravated assault by operation of law and entered the judgment of conviction and sentence on April 30, 1999. His motion for new trial, filed May 28, 1999, was denied April 12, 2002. Jackson was granted an out-of-time appeal and the notice of appeal was filed on January 17, 2003. The appeal was docketed on March 6, 2003 and submitted for decision without oral argument.

and Chappell Road in southeast Atlanta, Jackson fired a shot from a handgun at the unarmed woman. The bullet cut through the victim's liver, aorta and stomach and the medical examiner testified that Terrell died from a gunshot wound to the abdomen. Jackson then walked away and was picked up by a woman driving a blue pickup truck. A witness who heard the gunshot and observed Jackson as he walked away from the unprovoked attack, identified Jackson as the shooter to the police. The authorities apprehended Jackson at his home.

In a statement to police Jackson acknowledged his involvement in the shooting, however he contended that the gun discharged by accident. Jackson later showed the police where he had hidden the handgun identified by expert testimony as the murder weapon.

Whether a person may not be found guilty of a crime committed by accident "where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence," OCGA § 16-2-2, is a matter for the jury. *Stowe v. State*, 272 Ga. 866 (1) (536 SE2d 506) (2000) (jury not required to believe that the death was accidental, if defendant's explanation is inconsistent with the State's evidence to the contrary). See also *Cook v. State*, 273 Ga. 828 (1) (546 SE2d 487) (2001). We find the evidence adduced at trial that the victim was unarmed, that she made a 911 call for help moments before she was shot, that she died of a single gunshot wound fired from a distance of between 2-20 feet away, and that the weapon used in the shooting could not be unintentionally fired, was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Jackson did not accidentally shoot Terrell. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 19, 2003.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anne E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.