## A04A0790. WILSON v. THE STATE.
### (600 SE2d 440)

SMITH, Chief Judge.

Samuel Wilson was found guilty by a Ware County jury of rape and aggravated assault with intent to rape.[1] His motion for new trial was denied, and he appeals, asserting only the general grounds. The evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and we affirm.

The victim, a 66-year-old blind and disabled woman, positively identified Wilson, a caretaker who was living in her home, as the man who threatened her with a knife and then raped her. This testimony alone was sufficient to support the jury's verdict. *Foster v. State*, 254 Ga. App. 255 (1) (562 SE2d 191) (2002). In addition, Wilson admitted to the police that the condoms and lubricant found in the home were his, but claimed that he had sex in the victim's home with his girlfriend, whom he identified by her first name and residence. A woman answering that description testified for the State on rebuttal; she denied that she knew Wilson and testified that she had never been to the victim's home.

Wilson points on appeal to certain inconsistencies between the details of the victim's statements to police and her testimony at trial and to the fact that the victim had recently undergone surgery and was under the influence of pain medication. While he cites no authority for the proposition, he contends that her testimony was "so confused and contradictory that the jury could not legally have relied on her identification of Appellant." But on appeal of a criminal conviction, as Wilson acknowledges,

> [w]hen reviewing a conviction, we determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. We determine only the sufficiency of the evidence under this standard and not the weight of the evidence or the credibility of the witnesses. As long as some competent evidence exists, even

---

[1] The convictions were merged for purposes of sentencing.

though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citation omitted.) *Goodman v. State*, 237 Ga. App. 795, 796 (516 SE2d 824) (1999). Whether the victim was successfully impeached by proof of contradictory statements was a question for the jury. OCGA § 24-9-85 (a). The evidence was more than adequate to support the jury's verdict.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MAY 19, 2004.

*John C. Culp*, for appellant.

*Richard E. Currie, District Attorney, Melanie J. Brogden, Assistant District Attorney*, for appellee.