## S04A0704. PHELPS v. THE STATE.
### (603 SE2d 236)

FLETCHER, Chief Justice.

William Herbert Phelps was convicted of malice murder and concealing a death in connection with the beating death of Jeffrey Valdez.[1] Phelps appeals, contending that the evidence was insufficient. Because the record demonstrates that the evidence was sufficient, we affirm.

The evidence at trial showed that Phelps and the victim went to a club on July 17, 1999. They returned to Phelps's sister's apartment, where they slept. The next day, Phelps told his sister that some money was missing from his pockets and he suspected that the victim had taken it. Phelps's sister told Phelps he could not fight the victim in her apartment. Phelps's sister agreed to drive Phelps and the victim to another location so Phelps could confront the victim. The victim agreed to go for a ride, not knowing the purpose. The three drove around awhile, parked by a hunting preserve, and walked down a dirt path about a mile. Phelps took a rock and began beating the victim in the head, and continued to throw the rock at the victim's head while the victim lay on the ground. Phelps searched the victim for the missing money and then dragged the body into the woods. Phelps's sister testified that when they left the victim, he was still alive. Phelps and his sister returned to her apartment, drove the victim's truck to a parking lot, and threw away his keys, wallet and pager. The victim's extensively decomposed body was found a few weeks later.

1. Phelps argues on appeal that the evidence was insufficient to conclude that the beating was the sole proximate cause of the victim's death. The medical examiner, however, testified that the cause of

---

[1] The crimes occurred July 18, 1999. A Walton County grand jury indicted Phelps on September 28, 1999 for malice murder, felony murder, aggravated assault, and concealing the death of another. A jury trial was held November 13, 2000 through November 17, 2000. The jury found Phelps guilty of all charges. On November 17, 2000, the trial court sentenced Phelps to life imprisonment on the malice murder count, a consecutive 20 year term on the aggravated assault count, and a consecutive 10 year term on the concealing a death count. The felony murder count was vacated by operation of law. Phelps filed a motion for new trial on December 7, 2000. On November 12, 2003, the trial court granted the motion for new trial in part by holding that the aggravated assault count merged as a matter of fact into the malice murder count and vacating the sentence for aggravated assault. The trial court denied the motion on the remaining grounds. Phelps filed a notice of appeal on November 18, 2003. The case was docketed in this Court on December 31, 2003 and submitted for decision without oral argument on February 23, 2004.

death was blunt force injuries to the head. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that any rational trier of fact could have found Phelps guilty beyond a reasonable doubt of malice murder and that the evidence was sufficient to exclude any other reasonable hypothesis.[2]

2. Phelps also contends that the evidence is insufficient to establish the crime of concealing a death. To be guilty of concealing a death, there must be proof that the defendant hindered the discovery of whether the victim was unlawfully killed.[3] The evidence here established that Phelps severely beat the victim and dragged him into the woods, where he would not be easily discovered. We conclude that any rational trier of fact could have found Phelps guilty beyond a reasonable doubt of concealing a death.[4]

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 27, 2004.

*John T. Strauss*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Alan C. Cook, Assistant District Attorney, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General*, for appellee.

---

[2] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

[3] OCGA § 16-10-31.

[4] *Jackson*, 443 U. S. at 319; *Mitchell v. State*, 274 Ga. 768, 770 (560 SE2d 8) (2000).