A06A1491. IN THE INTEREST OF C. C., a child.
(634 SE2d 532)

ANDREWS, Presiding Judge.

C. C., who was 16 at the time of this delinquency proceeding in juvenile court, appeals from the adjudication of delinquency on charges of stalking and possession of marijuana. He claims the evidence was insufficient to support the adjudication on both charges and also claims that the State did not prove venue beyond a reasonable doubt. After reviewing the record, we conclude there was insufficient evidence to support the juvenile court's finding on both counts. Accordingly, the adjudication of delinquency is reversed on both charges.[1]

---

[1] The State acknowledges that it did not prove venue. The State contends that this renders the other claims of insufficiency moot and the case should be remanded for retrial. Because we find the evidence was insufficient as to the merits of the criminal charges against C. C., retrial is barred because it would violate the Double Jeopardy clause of the United States Constitution. See *Jones v. State*, 272 Ga. 900, 904-905 (537 SE2d 80) (2000).

"When reviewing the sufficiency of evidence supporting a juvenile court's adjudication, we apply the same standard of review used in criminal cases. See *In the Interest of J. A. F.*, 262 Ga. App. 722, 723-724 (2) (586 SE2d 381) (2003). We construe the evidence in favor of the court's adjudication and determine if a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged." *In the Interest of P. M. H.*, 277 Ga. App. 643, 644 (627 SE2d 211) (2006).

So viewed, the evidence was that C. C. was a passenger in a truck that pulled into the driveway of Officer Harris's home. Harris was a deputy in the Jones County Sheriff's Office and had previously been involved with C. C. after an altercation between C. C., his girlfriend, and his girlfriend's father. In that instance, Harris had to forcibly restrain C. C. while another officer handcuffed him. Harris's wife testified that on the evening in question, she heard a vehicle come down their horseshoe driveway and stop in front of the house. She said that no one ever got out of the vehicle, it just idled there for a minute or a minute and a half. She stated, "I didn't get scared, but I got concerned when nobody came to the door."

Harris said he was driving down the road and saw the truck turn out of his driveway. He called his wife and she told him what had happened. Harris followed the truck and subsequently stopped it. After stopping the truck, Harris called for backup and that officer searched the truck. The officer testified that he found a bag with a little less than an ounce of marijuana that "looked like it had been thrown to the floor board." The officer stated that it was on C. C.'s side of the vehicle, "[h]owever, he was in the back seat."

1. The evidence was insufficient to show that C. C. committed the offense of stalking beyond a reasonable doubt. Under OCGA § 16-5-90 (a) (1), "[a] person commits the offense of stalking when he or she follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person." "Harassing" and "intimidating" is defined as "a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear for such person's safety or the safety of a member of his or her immediate family. . . ." OCGA § 16-5-90 (a) (1).

Here, the only evidence on this charge was that a truck in which C. C. was riding drove into the Harris's driveway and sat in front of their house for a minute or a minute and a half. Neither Harris nor his wife testified that they were afraid or that this caused them any emotional distress. There was no evidence that they were harassed or

intimidated. Accordingly, we conclude there was insufficient evidence that C. C. committed the offense of stalking beyond a reasonable doubt.

2. The evidence on the possession of marijuana charge was also insufficient. Under the equal access rule, merely finding contraband on premises occupied by defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. *Brookins v. State*, 256 Ga. App. 884, 885 (570 SE2d 72) (2002). "A finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction." (Citations and punctuation omitted.) *Hodges v. State*, 277 Ga. App. 174 (626 SE2d 133) (2006).

In this case, the only evidence was that a substance an officer said was marijuana was found in the truck in which C. C. was riding. C. C. did not own the truck. The marijuana was not found where C. C. had been sitting. Moreover, the prosecutor acknowledged that the State did not have the bag tested at the crime lab and therefore there was no testimony that the substance found in the truck had actually tested positive for marijuana. Accordingly, the evidence was insufficient to show that C. C. was in possession of marijuana beyond a reasonable doubt.

*Judgment reversed. Barnes and Bernes, JJ., concur.*

DECIDED JULY 24, 2006.

*Blanton C. Lingold*, for appellant.

*Fredric D. Bright, District Attorney, Joseph M. McKinnon, Assistant District Attorney*, for appellee.